IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MAJHOR,<br>Address:<br> Tafuna Corr. Facility<br> P.O. Box 1011<br> Pago Pago, Am. Samoa 96799<br><br>        Plaintiff,<br><br>    vs.<br><br>GALE A. NORTON, Secretary<br>of the United States De-<br>partment of Interior,<br>Address:<br> 1849 C Street, NW<br>Washington, D.C. 20240<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. _____<br><br><br>VERIFIED  COMPLAINT FOR IN-<br>JUNCTION, MANDAMUS, AND DE-<br>CLARATORY  JUDGMENT;  VERI-<br>FICATION OF ERIC  A.  SEITZ |

VERIFIED COMPLAINT FOR INJUNCTION,
MANDAMUS, AND DECLARATORY JUDGMENT

Plaintiff  RICHARD  MAJHOR [Hereinafter "Plaintiff"],
by and through his undersigned attorneys, alleges as follows:

Introduction

(1) Plaintiff seeks a declaratory judgment, writ of
mandamus, and preliminary and permanent injunction enjoining
and restraining the Secretary of the Interior and her
employees, agents, representatives, and successors in interest
from continuing to incarcerate and subjecting Plaintiff to a

trial  in  the United States Territory of American Samoa without
insuring  that  Plaintiff  will receive a fair and unbiased jury
trial  in  accordance  with  the  requirements  of the Fifth and
Sixth Amendments to the United States Constitution, inter alia.

### Jurisdiction

(2)  This  case  arises  under  the  Constitution and
statutes  of  the  United  States,  the  rules,  regulations,
policies,  and  practices of the United States Department of the
Interior,  and  the  laws  of  the Government of American Samoa,
inter alia.

(3)  This  Court  has jurisdiction herein pursuant to
28 U.S.C. Sections 1331, 1361, 2201, and 2202, inter alia.

### Parties

(4)  Plaintiff  RICHARD  MAJHOR  is  a male caucasian
citizen  of  the  United  States  who  is  and has been residing
temporarily  in the United States Territory of American Samoa at
all times pertinent hereto.

(5)  Defendant  GALE  A.  NORTON  is and has been the
Secretary  of  the  United States Department of Interior  vested
with  and  exercising  administrative,  regulatory,  and  fiscal
authority  for  the administration of the United State Territory
of American Samoa at all times pertinent hereto.

### Factual Allegations

(6)  In  or about March, 2003, Plaintiff was arrested
by  law  enforcement officers in American Samoa and arraigned in
the High Court of American Samoa on a charge of murder.

(7)  Since his arrest in March, 2003, Plaintiff has been incarcerated in American Samoa without provision for bail, without essential medical care, and without regular visitation with his wife and other family members.

(8)  The murder charge against Plaintiff arises from the disappearance of a young part-Samoan man whose body has never been found and who is alleged to have been beaten to death at Plaintiff's residence by Plaintiff and other young Samoan males, several of whom were induced by Samoan law enforcement officer to provide statements implicating Plaintiff in the murder.

(9)  Plaintiff is informed and believes, and thereupon alleges, that the alleged co-participants in the beating/ murder were assisted and encouraged by Samoan law enforcement officials to collaborate in the writing and provision of their statements.

(10)  Plaintiff is informed and believes, and thereupon alleges, that certain of the alleged participants subsequently recanted their statements and have attempted to withdraw from their pleas and/or plea agreements which require them to testify against Plaintiff.

(11)  From the first reports of the alleged victim's disappearance up to and including the present time the arrest, prosecution, and proceedings involving Plaintiff have been subject to intensive and prejudicial publicity in the Territory of American Samoa including, but not limited to, news reports

identifying Plaintiff as the perpetrator, detailing the state-
ments and collaboration of potential witnesses, asserting that
the murder was part of a narcotics transaction and that
Plaintiff is "the drug king" of American Samoa, and implicating
Plaintiff in another unrelated death of an individual whose
body was discovered and for which Plaintiff has not been
charged.

(12) As a consequence of the initial publicity
Plaintiff's counsel filed a motion for change of venue which
was denied by the trial judges in an order filed on May 28,
2004; however, sua sponte the court ordered that all proceed-
ings be conducted outside the presence of spectators, including
the media, and imposed a "gag order" on counsel and all other
persons involved in Plaintiff's case.

(13) On or about January 24, 2005, Plaintiff's
counsel renewed his motion for change of venue arguing, in
addition to the prejudical publicity, that Plaintiff could not
receive a fair trial in American Samoa because of wide spread
bias in the community and the inability to provide a twelve
member jury free from cultural and other adverse influences.

(14) At an evidentiary hearing conducted on April 6,
2005, representatives of the local media identified news
reports about Plaintiff's case and testified that the publicity
had been extraordinary in the small island community of approx-
imately sixteen thousand eligible jurors.

(15)  In a written order filed on April 25, 2005, the trial court denied Plaintiff's renewed motion for change of venue and opined that the passage of time, limitation of public access to the proceedings, and appropriate voir dire would be sufficient to cure any prejudice and insure that Plaintiff receives a fair trial.

(16)  On May 2, 2005, Plaintiff timely moved for reconsideration of the trial court's order denying his renewed motion for change of venue.

(17)  On May 19, 2005, the trial court heard and orally denied the motion for reconsideration and on June 14, 2005 filed its written order Confirming Bench Denial of Motions."

(18)  Plaintiff then filed a timely appeal to the Appellate Division of the High Court of American Samoa which convened for an oral argument on September 20, 2005, and in an Order filed on October 13, 2005 denied and dismissed Plaintiff's appeal.

(19)  The chief judge who presided on Plaintiff's appeal is a High Court Justice who previously had recused himself from any participation in matters related to Plaintiff because one of the co-actors and potential witnesses is his nephew.

(20)  Currently Plaintiff is incarcerated awaiting trial in American Samoa before a six person jury scheduled to commence on February 7, 2006.

(21)  Plaintiff  has  exhausted  all of his available remedies  to obtain a fair and impartial trial in American Samoa and  has no other remedies but for his application for relief to this Court.

(22)  Plaintiff  is informed and believes, and there-upon  alleges,  that  unless this Court intervenes and restrains and/or  otherwise  directs the Defendant to take appropriate and sufficient  actions  to provide Plaintiff a fair trial before an impartial  jury  that Plaintiff will suffer and will continue to suffer serious and irreparable harm.

First Cause of Action

(23)  Plaintiff hereby incorporates all of the alleg-ations contained in paragraphs 1 through 22, above.

(24)  Plaintiff  is informed and believes, and there-upon  alleges, that the Defendant, her agents, subordinates, and employees  are  acting  herein in violation of applicable provisions  of  the  United  States  Constitution  and  laws and prior  Orders,  rules,  regulations,  policies, and procedures of the  United  States  Department  of  Interior  by  failing  and refusing  to  require  and  insure  that Plaintiff be afforded a fair  trial  before  an  impartial  and  unbiased  jury  in  the Territory of American Samoa.

(25)  As  a  direct and proximate result of the fore-going  Plaintiff  is  virtually  certain  of  being convicted of murder  in  a  hostile  and  unfair  proceeding and subjected to prolonged  incarceration  and otherwise punished in violation of

his rights to a jury trial and due process guaranteed by the Fourth and Fifth Amendments to the United States Constitution.

### Second Cause of Action

(26) Plaintiff hereby incorporates all of the allegations contained in paragraphs 1 through 22, above.

(27) By failing and refusing to enforce applicable provisions of the United States Constitution and laws and prior Orders, rules, regulations, policies, and procedures of the United States Department of Interior to proceedings in American Samoa Defendant is denying Plaintiff his rights to due process and equal protection of the laws guaranteed by the Fifth Amendment to the United States Constitution, inter alia.

WHEREFORE, Plaintiff prays for relief as follows:

(1) For the entry of a judgment declaring that the Defendant has violated rights of Plaintiff guaranteed by the Fifth and Sixth Amendments to the United States Constitution by failing and refusing to insure that Plaintiff receive a fair trial by an unbiased jury comprised of twelve persons;

(2) For the issuance of a preliminary and permanent injunction enjoining and restraining the Defendant and her employees, agents, representatives, and successors in interest from continuing to incarcerate and subjecting Plaintiff to a trial in the United States Territory of American Samoa without insuring that Plaintiff will receive a fair and unbiased jury trial in accordance with the requirements of the Fifth and Sixth Amendments to the United States Constitution, inter alia.

(3) For the issuance of a writ of mandamus requiring the Defendant and her employees, agents, representatives, and successors in office to take immediate and sufficient actions to insure that Plaintiff will receive a fair and unbiased jury trial in accordance with the requirements of the Fifth and Sixth Amendments to the United States Constitution, _inter_ _alia_.

(4) For the reimbursement of the costs of litigation incurred herein, including reasonable provision for Plaintiff's attorneys' fees; and

(5) For such further and additional relief as the Court deems appropriate and just.

DATED: Honolulu, Hawaii, November  3 , 2005.

ERIC A. SEITZ
D.C. Bar No. 363830

Law Office of Eric A. Seitz
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Phone No. (808) 533-7434
Facsimile No. (808) 545-3608
email: eseitzatty@yahoo.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD MAJHOR, | ) | CIVIL NO. _____ |
| | ) | |
| Plaintiff, | ) | VERFICATION OF ERIC A. SEITZ |
| | ) | |
| vs. | ) | |
| | ) | |
| GALE A. NORTON, Secretary | ) | |
| of the United States De- | ) | |
| partment of Interior, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

VERIFICATION OF ERIC A. SEITZ

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

ERIC A. SEITZ, being first duly sworn on oath, verifies that he is the principal attorney for the Plaintiff named above, that he has read the contents of the attached Verified Complaint, and that the factual allegations contained therein are true and correct to the best of his understanding and belief.

_____
ERIC A. SEITZ

Subscribed and sworn to before me
this 2nd day of November, 2005.

_____
Notary Public, State of Hawaii
My commission expires: JAN 4, 2008

