UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2192 (RBW) |
| | ) |
| GALE A. NORTON, SECRETARY | ) |
| U.S. DEPT. OF INTERIOR, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**Background**

American Samoa is an unincorporated[1] territory of the United States consisting of seven

small islands located in the south Pacific Ocean.  *King v. Morton*, 520 F.2d 1140, 1142, 1155

(D.C. Cir. 1975).  *U.S. v. Standard Oil of Cal.*, 404 U.S. 558 (1972).  The plaintiff is a citizen of

the United States who was residing in American Samoa at the time of his arrest on a murder

charge in 2003.  He is awaiting trial on the murder charge and trial is set for February 7, 2006.

Plaintiff's Memorandum at 5.  The defendant is Gale A. Norton,  the secretary of the United

States Department of the Interior ("Interior Secretary").  As Interior Secretary, she administers

the government of the territory.  Exec. Order No. 10,264, 16 Fed. Reg. 6417 (June 29, 1951).

*King v. Morton*, at 1142.  *See Meaamaile v. American Samoa*, 550 F. Supp. 1227, 1234 (D.

---

[1]An incorporated territory is "intended for statehood from the time of acquisition and in which the entire Constitution applies *ex proprio vigore* (by its own force).  Unincorporated territories are not intended for statehood and only fundamental constitutional rights apply. *Com. of Northern Mariana Islands v. Atalig*, 723 F.2d 682, 688 (9th Cir. 1984), citing *Examining Board v. Flores de Otero*, 426 U.S. 572, 599-600 n.30 (1976).

Hawai'i 1982).  Congress has the authority to issue rules and regulations to govern U. S.
territories.  *Meaamaile,* at 1235.  Congress has properly delegated its authority to determine the
structure of the American Samoa judicial system to the Interior Secretary.  *See American
Insurance Co. v. Canter*, 26 U.S. (1 Pet.) 511 (1828).

American Samoa has three independent branches of government–executive, legislative and
judicial.  It is governed by a constitution with a Bill of Rights.  *See* Revised Constitution of
American Samoa, Art. I.[2]  Congress recognizes the authority of the constitution of American
Samoa.  *See* 48 U.S.C. § 1662a .  Modifications to the constitution must be approved by the
Secretary of the Interior and are made only by Act of Congress.  48 U.S.C. A. § 1662a.  The
executive authority is vested in a governor and lieutenant governor who are popularly elected.
Revised Constitution of American Samoa, Art. IV, sec. 2.  The legislative branch of government
is bicameral with a house of representatives and a senate.  Revised Constitution of American
Samoa, Art. II, sec. 1.  The judicial branch is composed of a High Court, district courts, and
"such other courts as may from time to time be created by law."  Revised Constitution of
American Samoa, Art. III, sec. 1.  *Meaamaile* at 1227.   The high court is a territorial court
constituted under Article IV of the United States Constitution.  *Meaamaile*, at 1235.  The Interior
Secretary appoints the chief justice of the high court and an associate justice.  Rev. Const. Am.
Samoa art. III, §§ 1, 2, 3; AM. SAMOA CODE ANN. § 3.1001 (1981).  At least five associate
judges are appointed by the territorial governor upon the recommendation of the chief justice,
and are subject to confirmation by the Samoan Senate.  AM. SAMOA CODE ANN. § 3.1004

---

[2]The Revised Constitution of American Samoa and full American Samoa Code are
available on the internet at www.asbar.org.

91981).  High court decisions can be appealed to an appellate division which is presided over by

the chief justice, the associate chief justice, acting associate judges, and associate judges.  AM.

SAMOA CODE ANN. § 3.0220 (1981).

**Plaintiff's claims**

Plaintiff brings this action against the Secretary of the Department of the Interior, not for

any alleged unconstitutional acts or omissions by her or by the federal government, but solely by

virtue of the fact that she is vested with the authority to administer the civil government in

American Samoa on behalf of the United States.  Plaintiff asserts that this court has federal

question jurisdiction pursuant to 28 U.S.C. § 1331, 1361.  He seeks declaratory and injunctive

relief pursuant to 28 U.S.C. §§ 2201 and 2202.

Plaintiff has been charged under local American Samoan criminal statutes and is subject

to prosecution by the Attorney General of American Samoa, not by the United States government

on federal charges.  AM. SAMOA CODE ANN. § 46.3502 (1978).[3]  See Plaintiff's Exhibit 1, p.

1.  Plaintiff posits that pre-trial publicity has rendered it impossible for him to receive a trial by

an impartial jury based upon the denial by the High Court of American Samoa of his request for a

change of venue.[4]  Plaintiff, in effect, urges this district court to exercise subject matter

---

[3]Although American Samoa is an unincorporated territory, and not a state of the union,
the relationship between American Samoa and the federal government is in some ways
conceptually analogous to the relationship between the federal and state governments in the
United States.

[4]Plaintiff also argues that his right to an unbiased jury will be abridged unless he is
permitted a jury of twelve.  He alleges that the risk of bias increases with fewer jurors.  Plaintiff
does not strenuously argue in favor of, and in effect avoids the issue, of whether residents of
American Samoa are entitled to twelve-person juries under the U.S. Constitution.  Instead, he
appears to argue that he would be entitled to a twelve-person jury if he were being tried in a U.S.
court on federal charges, and must be afforded equal protection of the law in American Samoa.

jurisdiction, not because he has been deprived of his constitutional rights and therefore raises a federal question, but solely because he disagrees with the decision by the High Court that he is not entitled to a change of venue.  There is no dispute that the denial of change of venue is not a final decision and that, if convicted, plaintiff could seek to overturn his conviction on the grounds that he has been deprived of a constitutional right to an unbiased jury.  Defendant argues in more detail below that the district court lacks jurisdiction to decide this case on the merits because there is no federal question and because the Secretary owes no duty to plaintiff to reverse the High Court's denial of his request for change of venue.

### Procedural background

On October 13, 2005, the Appellate Division of the High Court of American Samoa dismissed plaintiff's interlocutory appeal of the trial court's denial of plaintiff's request for a change of venue.[5]  The appellate division dismissed the appeal for lack of jurisdiction opining that plaintiff's appeal was premature.  In a well-reasoned memorandum opinion, the appellate court[6] concluded that it lacked jurisdiction to decide the appeal because it may only review "final

---

Plaintiff's Memorandum at 9.  However, as noted above, plaintiff is not being prosecuted by the United States, he is not being tried in a "federal" court, so it does not follow that a jury of twelve is constitutionally required.  *See Williams v. Florida*, 399 U.S. 78 (1970)(refusal to impanel more than six jurors does not violate 6th Amendment.)

[5]Plaintiff's motion for change of venue was denied by the trial court.  Several months later plaintiff renewed his motion for a change of venue.  The trial court again denied his motion following an evidentiary hearing, concluding that "the media coverage, although extensive, lack[ed] sensationalism and focus[ed] primarily on factual matters...."  (Plaintiff's exhibit 8, p. 5.)  Thereafter, plaintiff moved for reconsideration of the denial of a change of venue and for an interlocutory appeal.  These motions were denied by the trial court. (Plaintiff's exhibits 10 & 11.)  Plaintiff's interlocutory appeal to the Appellate Division of the High Court followed.

[6]The appellate panel consisted of the chief justice, an acting associate justice, and two associate judges.

decisions" of the trial courts.  AM. SAMOA CODE ANN. § 3.0208(c).  See Plaintiff's exhibit

12.  The appellate court reasoned that a decision is not final "until there is a decision by the [trial]

court that ends the litigation on the merits and leaves nothing for the court to do but execute the

judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988) quotations omitted."

Plaintiff's Exhibit 12, page 3.  The law is well-settled that an order denying a request for change

of venue is not a final judgement for appeal purposes. *United States v. Martin*, 620 F.2d 237,

238-39 (10th Cir. 1980).  See plaintiff's exhibit 11, p. 2.  Here, just like in *Meaamaile*, there is no

reason to believe that plaintiff will not received a trail by an unbiased jury. *See Meaamaile*, at

1235.

## I.  THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION

In order to exercise jurisdiction in this case under 28 U.S.C. § 1361 (1970) , the plaintiff

must show that a duty is owed to him.  A writ of mandamus should be used only when the duty

of the officer to act is clearly established and plainly defined and the obligation to act is

peremptory." *King*, at 1145, *citing Hammond v. Hull*, 131 F.2d 23, 25 (1942), *cert. denied*, 318

U.S. 777 (1943).  Here a writ of mandamus is not available to Majhor unless the Secretary of the

Interior has a "clearly established", "plainly defined" and "peremptory" duty, in administering the

civil government of American Samoa, to require the high court to change venue at plaintiff's

request. *Id*.  The Secretary has no such duty.  If the Secretary were to interfere with ongoing

criminal proceeding to mandate a change of venue, she would be usurping the authority of the

American Samoa High Court to conduct trials concerning criminal offenses committed in

American Samoa.

## II.  PLAINTIFF FAILS TO STATE A CLAIM AGAINST GALE NORTON

In *King v. Morton*, the question was put to the district court whether an American citizen and resident of American Samoa charged with a crime was entitled to trial by jury. The laws of American Samoa did not provide for trial by jury. The district court dismissed the case for lack of jurisdiction. The U.S. Supreme Court had previously determined that the constitutional right to a jury trial did not extend to unincorporated U.S. territories *Balzac v. Porto Rico*, 258 U.S. 298 (1922). The D.C. Circuit reversed and remanded for further proceedings, but did not decide whether the district court had jurisdiction. *King*, at 1144. In addition, *King* can be distinguished from the instant case because in *King*, plaintiff had already appealed his conviction to the highest court in American Samoa. *Id*. This is not the case here as will be argued in more detail below.

Plaintiff has no cause of action for violation of equal protection. He is trying to argue that his right to an unbiased jury trial has been violated because he would be entitled to an unbiased jury on the American mainland, but he is not in America Samoa. *See Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints*, 830 F.2d 374, 387 (D.C. Cir. 1987). This argument is fundamentally flawed. The High Court of American Samoa has not deprived plaintiff of a right to an unbiased jury trial. To the contrary, the trial judge has acted to insure plaintiff's right to an unbiased jury trial by imposing a gag order and excluding the public from in-court proceedings. Moreover, two years have elapsed since imposition of the gag order. Plaintiff's Exhibit 8, page 6. The law in American Samoa provides for constitutional protections to assure that plaintiff receives an unbiased jury trial.

**There is no actual case or controversy**

<u>There is no controversy because plaintiff has failed to exhaust his local remedies.</u>

In *King*, plaintiff has already appealed his conviction to the highest court in American

Samoa prior to filing suit in the United States District Court for the District of Columbia.  Unlike

*King*, in this case, there is no case or controversy because plaintiff has not been deprived of the

right to an unbiased jury trial and then appeal on that ground, if convicted.  Thus, the controversy

is not ripe, just as the issue was not ripe in *Meaamaile*, 550 F.Supp. at 1234.  Plaintiff is required

to exhaust his local remedies before proceeding in federal court.  *King*, at 1144.

## III.  PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

### The standard for injunctive relief

In *Virginia Petroleum Jobbers Association* v. *Federal Power Commission*, 259 F.2d 921

(1958) the D.C. Circuit Court set out the factors to be considered when determining the whether

a movant is entitled to equitable relief.  These four factor are: 1) whether the movant is likely to

ultimately prevail on the merits, 2) whether he will suffer irreparable harm if the equitable relief

is not granted, 3) whether the grant of equitable relief will cause substantial harm to the other

party, and 4) whether equitable relief is in the public's interest.  *Virginia Petroleum Jobbers*

*Ass'n*,  at 924.  The second factor–a showing of irreparable harm– is considered to be of

paramount importance.  *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1975).  At all

times, the burden of persuasion with regard to all four factors is on the movant.  *Id*. at 573.

### i) Here there is no risk of immediate irreparable harm

Plaintiff has not yet been tried, thus he has not been deprived of an unbiased jury.  If

convicted, plaintiff is then free to asserted that he did not get a fair trial.  He may then appeal to

the Appellate Division of the High Court of American Samoa.  In the event of manifest injustice,

he could then seek relief from the Secretary of the Interior for failure to implement appropriate

rules or, for "failure to keep the High Court within constitutional bounds."  *See Corporation of*

*the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints*, 830 F.2d at 387.

*See JMM Corporation v. D.C.*, 378 F.3d 1117, 1122 (D.C. Cir. 2004). There are no grounds to

believe that plaintiff will not receive a fair trial. In fact, the High Court has rendered a decision,

in a well-reasoned memorandum opinion, that plaintiff does not need a change of venue in order

to protect his right to an unbiased jury. In addition, the trial court is taking appropriate

precautions to minimize the effect of publicity on trial proceedings.

**ii) It is unlikely that Plaintiff will prevail on the merits.**

**a. The *Younger v. Harris* abstention doctrine dictates "equitable restraint"[7]; the case should be dismissed.**

The Supreme Court held in *Younger v. Harris*, 401 U.S. 37 (1971), that generally a

federal court may not grant equitable relief affecting an on-going criminal proceeding in a state

court. The rationale underlying this rule is "that courts of equity should not act, and particularly

should not act to restrain a criminal prosecution, when the moving party has an adequate remedy

at law and will not suffer irreparable injury if denied equitable relief. *Younger* at 43-44. This so-

called "doctrine of equitable restraint" requires dismissal of the federal case.

Application of the *Younger* abstention doctrine is appropriate when the following three

factors are met. First, there is ongoing state action at the time the federal action is initiated, 2)

important state interests are implicated, and 3) the plaintiff has an adequate opportunity to litigate

his constitutional claims in the criminal proceeding. *Jou v. Chang*, 350 F.Supp.2d 862, 865

(2004). "Federal equitable intervention is not warranted if the federal plaintiff can secure a full

and fair day in court on his constitutional claims by raising them by way of defense in a state

---

[7]*Kaplan v. Hess*, 694 F.2d 847, 849 (D.C. Cir. 1982).

enforcement proceeding which is already underway or is imminent anyway." *District Properties Associates v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984), citing P. BATOR, P. MISHKIN, D. SHAPIRO & H. WECHSLER, HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 283 (1981 Supp.).

There are no cases addressing whether American Samoa is a state for purposes of the *Younger* abstention doctrine. However, the D.C. Circuit has recently decided that the *Younger* abstention doctrine applies to the District of Columbia. *JMM* , 378 F.3d 1117 (D.C. Cir. 2004). That same reasoning is equally applicable here.

### b. A federal court should not exercise supervisory control over a territorial court.

Although this Art. III Court has jurisdiction to entertain suits brought to enforce the constitution and laws of the United States, a federal court does not have original jurisdiction to review interlocutory decisions of territorial courts. *Ackerman v. International Longshoremen's & Warehousemen's Union*, 187 F.2d 860 (9th Cir. 1951). Furthermore, a federal court should not interfere in criminal proceedings that have been initiated but not yet resolved in state or territorial court. *Id.*, at 864.

> It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the state or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.

*Douglas v. City of Jeannette*, 319 US. 157 (1943).

As the attachments to plaintiff's motion illustrate, plaintiff has a "full and fair opportunity" to assert his constitutional claims during his trial in American Samoa. *Ohio Civil*

*Rights Comm'n v. Dayton Christian Schools*, 477 U.S. 619, 627 (1986). *JMM,* 378 F.3d at 1117. He moved for a change of venue before the High Court where his motion was denied. He sought an appeal but his request was denied as an impermissible interlocutory appeal. The American Samoa judicial system provides an opportunity for review. *See Ackerman*, 187 F.2d at 868. There are no extraordinary circumstances warranting equitable relief. *JMM*, 378 F.3d at 1228.

### iii) The Interior Secretary will suffer harm if equitable relief is granted.

The Interior Secretary has an interest in promoting the self-governance of the people of American Samoa and in ensuring that the provisions implemented for local governance by the Samoan people are given the proper deference and upheld. *Cf. Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints v. Hodel*, 830 F.2d 374, 386 (D.C. Cir. 1987)(referring to congressional policy of preserving Samoan traditions regarding land transfer and ownership.) The Interior Secretary will not be assisted by premature meddling into the affairs of the American Samoan judiciary. The Secretary of the Interior has an interest in avoiding conflict between the two judicial systems. *Ackerman*, at 868, citing *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)(federal courts should not interfere with state prosecutions except in extraordinary circumstances.)

### iv) The public interest lies in denial of equitable relief

There is no dispute that the public has an interest in ensuring the constitutional rights of every American citizen. However, there is every reason to believe that plaintiff's constitutional right to an impartial jury trial is being protected by the High Court of American Samoa. Furthermore, the public will not benefit if litigants in American Samoa are routinely permitted to seek judicial review by Article III Courts of decisions made by an Art. IV Court. *See*

*Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints*, 830 F.2d at 386 (congressional policy could be frustrated if the High Court's judgments were reviewed by circuit courts of appeal.)  This would violate the separation of powers doctrine. Instead, the public has an interest in plaintiff's  exhaustion of local remedies.

### <u>Conclusion</u>

Plaintiff has failed to carry his burden to show that he is entitled to extraordinary relief. In addition, defendant has demonstrated that the case should be dismissed.  For the foregoing reasons, defendant requests that the Court deny plaintiff's motion for a preliminary injunction and dismiss the case.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332