IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, | ) |
|         Plaintiff, | ) |
| vs. | ) Civil Action No. 05-2192 (RBW) |
| GALE A. NORTON, Secretary of the United States Department of the Interior, | ) |
|         Defendant. | ) |

REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND
MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

I. Decisional Standards

In order to prevail on a motion for preliminary injunction, a plaintiff must "demonstrate" (1) a substantial likelihood of success on the merits, (2) that he would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. Katz v. Georgetown University, 246 F.3d 685 (D.C.Cir. 2001)[1].

---

[1] "It will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation. [citations omitted]. The importance of probability of success increases as the probability of irreparable injury diminishes [citations omitted] and where the latter may be characterized as simply "possible," the former can be decisive. Even so, it remains merely one "strong factor" to be weighed alongside both the likely harm to the defendant and the public interest [citations omitted]. Blackwelder Furniture Co. of Statesville, Inc. v. Selig Manufacturing Co., Inc., 550 F.2d 189 (4th Cir. 1977).

An action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 1 L.Ed.2d 80 (1957).

II. Jurisdiction of the District Court Arises Under 28 U.S.C. § 1331

Plaintiff RICHARD MAJHOR herein seeks to vindicate and protect his rights under the Constitution and laws of the United States.[2] Because jurisdiction of federal questions is no longer dependent upon the amount in controversy, Ralpho v. Bell, 569 F.2d 607 (D.C.Cir. 1977), the District Court has jurisdiction over this action under 28 U.S.C. §1331. King v. Andrus, 452 F.Supp. 11, 12 (D.C.D.C. 1977).

III. The Instant Case Presents a Cognizable Claim Against the Secretary of the Interior

Plaintiff states a cognizable claim against the Secretary of the United States Department of the Interior under King v.

---

[2] The Sixth Amendment to the Constitution of the United States provides that a criminal defendant facing trial by jury is entitled to be tried by "a panel of impartial, indifferent jurors." Irwin v. Dowd, 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751, 755 (1961); Sheppard v. Maxwell, 384 U.S. 333, 362, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966)("due process requires the accused receive a trial by an impartial jury free from outside influence."); Duncan v. Louisiana, 391 U.S. 145, 155-156, 88 S.Ct. 144, 20 L.Ed.2d 491 (1968); Ristaino v. Ross, 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976)(holding that a criminal defendant is guaranteed an impartial jury by the Sixth Amendment, and the principles of due process also guarantee defendant an impartial jury).

Morton, 520 F.2d 1140 (D.C.App. 1975)(holding that the United States District Court for the District of Columbia has jurisdiction over questions about whether the Secretary of the United States Department of the Interior's administration of the government of American Samoa meets constitutional standards, and can order the Secretary to take appropriate measures to correct any constitutional deficiencies).

IV. Applicable Law Does Not Require Plaintiff To Exhaust His Remedies In The Courts Of American Samoa Before Bringing His Action In This Court

Defendant's conclusory claim that King v. Morton, 520 F.2d 1140 (D.C.App. 1975) requires, as a matter of law, that Plaintiff exhaust his remedies in American Samoa before proceeding in the federal court is without merit.  A review of that decision shows that the Court of Appeals actually held that "[W]hat is at issue is whether King can ever bring this action in the district court when alternative remedies were available to him in the Samoan courts.  We hold he can, provided there is some statutory basis for jurisdiction," 520 F.2d, at 1144.[3]  See also, Munoz v. Porto

---

[3] In addition, the decision of the United States District Court for the District of Hawaii in Meaamaile v. American Samoa, 550 F.Supp. 1227 (D.C.Hi. 1982) upon which Defendant relies, is wholly distinguishable on its facts because that case addressed the issue of whether a citizen of Western Samoa residing in Hawaii can pursue civil claims against the American Samoa government in an Article III court in Hawaii.  See, King v. Morton, supra, at 1147 ("It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used.  If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is

3

Rico R. Light & Power Co., 74 F.2d 816 (CA 1 1934), cert. denied 296 U.S. 577, 56 S.Ct. 88, 80 L.Ed. 408 (1935)(it is not necessary to exhaust territorial remedies before suing under 28 U.S.C. §1331).

IV. V. Abstention Under Younger Should Not Be Applied To The Proceedings Against Plaintiff In American Samoa

The Supreme Court's policy that the Courts of the United States should refrain from intervening in ongoing state prosecutions is based on an assumption that state courts are fully competent to decide federal constitutional questions. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 669 (1971)(the policy of restraining federal courts of equity is based on "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments."); Levy v. Lerner, 853 F.Supp. 636 (E.D.N.Y. 1994), aff'd without opp (2d Cir. NY) 52 F.3d 312.; Rivera v. Maiz, 331 F.Supp. 713 (D.P.R. 1971)(holding that because local courts of Puerto Rico are sworn to uphold the Federal Constitution Younger abstention would be applied).

Thus the Supreme Court has held that a District Court need not abstain from exercising its jurisdiction when a plaintiff

---

presented for decision. The reason for the maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent. Other principles which may served to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.").

4

lacks a competent tribunal to decide the constitutional issues prior to seeking the assistance of the District Court. See, Hoffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)(when necessary to protect constitutional rights, courts of the United States have the power to enjoin criminal prosecutions).

Bearing in mind the Appeals Court instructions in King v. Morton, supra, at 1147 ("[T]he importance of the constitutional right at stake makes it essential that a decision in this case rest on a solid understanding of the present legal and cultural development of American Samoa.") it is undisputed that; (1) American Samoa is an unincorporated territory of the United States administered by the Secretary of the Interior who has plenary authority over its government; (2) the Constitution of American Samoa does not guarantee defendants in criminal prosecutions a trial by an impartial jury as provided by the Constitution of the United States; (3) there is no evidence that the Courts of American Samoa are sworn to uphold the Constitution of the United States; (4) trial by jury is a relatively new phenomenon in American Samoa; (5) juries in American Samoa are comprised on only six members, not twelve members as required in Article III courts; (6) judges in American Samoa are not required to have attended an American Law School, and Plaintiff's case and

any appeal thereafter could be tried/heard by judges trained entirely outside the United States, and; (7) there is no provision for judicial review of judgments rendered by the High Court of American Samoa on issues arising under the Constitution of the United States by any Article III Court. <u>King v. Morton</u>, 520 F.2d 1140, 1150 n. 3 (D.C.App. 1975); <u>United States v. Lee</u> 159 F.Supp.2d 1241 (D.C.Hi 2001).

Under the circumstances described above, this court should determine that the Courts of American Samoa are not sufficiently competent to decide the constitutional issues involved herein, and that abstention under <u>Younger</u> is therefore inappropriate.

VI. <u>Plaintiff's Claims Are Meritorious</u>

Plaintiff is very likely to prevail on his claim that he will not receive a trial that meets constitutional standards in American Samoa.[4]

State courts in the United States have held that when considering a pretrial motion for change of venue the court must consider demographic, geographic, and cultural evidence unrelated to the identity and potential for bias of an actual jury venire. <u>State of Utah v. Stubbs</u>, 2005 WL 2402645 (Utah). Factors that are considered in determining whether to grant a pretrial motion

---

[4] Faced with criminal prosecution in American Samoa, Plaintiff clearly meets the standard for demonstratating sufficient irreparable harm to justify issuance of an injunction. See, <u>Abbot Laboratories v. Gardner</u>, 387 U.S. 136, 153-54, 87 S.Ct. 1507, 1517-18, 18 L.Ed.2d 681 (1967).

for change of venue include; (1) the nature and gravity of the offense; (2) the nature and extent of the news coverage; (3) the size of the community; (3) the status of the defendant in the community, and; (4) the popularity or prominence of the victim. Id.; Gomez v. McGrath, 2005 WL 2072029 (E.D.Cal. 2005); See also, Maine v. Superior Court of Mendocino County, 438 P.2d 373 (Cal. 1968)(addressing an application for mandamus relief to compel a change of venue before trial, and adopting comprehensive standards outlined in the "Reardon Report," prepared by the American Bar Association Project for Minimum Standards for Criminal Justice (1966) which provides that a motion for change of venue shall be granted whenever it is determined that because of the dissemination of potentially prejudicial material, there is a reasonable likelihood that in the absence of such relief, a fair trial cannot be had, and holding that in such context a showing of actual prejudice is not required); Williams v. Superior Court of Placer County, 668 P.2d 799 (Cal. 1983) (addressing an application for a writ of mandamus to change venue before trial); Utah v. James, 767 P.2d 549 (Utah 1989)(addressing an interlocutory appeal of a denial of a motion to change venue before trial).

In the instant case it is undisputed that Plaintiff is a Caucasian male citizen of the United States residing in American Samoa, charged with murdering a Samoan man. This matter has been the subject of continuing and inflammatory publicity in American

7

Samoa including allegations that Plaintiff is a "drug kingpin" and leader of a "drug gang" in American Samoa and that Plaintiff may be implicated in another unresolved death in American Samoa. Plaintiff submits that the community in which he is to be tried already has been exposed to such highly adverse and prejudicial information that it is reasonably likely the jury pool already has been polluted irreparably.

In a small community like American Samoa, with fewer than sixteen thousand registered voters who are eligible to serve on juries, a major crime like murder is likely to be embedded in the public consciousness with greater effect and for a longer time than it would be in a large metropolitan area. State of Utah v. James, 767 P.2d 549 (1989)(holding that a community of 117,000 people is small, and that the smaller the community, the more likely there will be a need for a change of venue).

The record below also shows that very few persons, if any, who do not have some Samoan ethnic heritage are called for jury duty in American Samoa despite the fact that a substantial portion of the territory's population has no Samoan ethnic heritage. Affidavit of Bentley C. Adams, III, attached to Exhibit 2, Plaintiff's Motion for Preliminary Injunction. Respected authorities also suggest that traditional Samoan culture relies heavily upon chiefs, orators, and other village officials to mediate and resolve disputes to the extent that traditional leadership and western judicial processes are

distinct and inappropriate if not actually competing and inconsistent institutions. See, Affidavit of Loia Manuele Fiaui, attached to Exhibit 2, Plaintiff's Motion for Preliminary Injunction; see also, King v. Andrus, supra, wherein the Secretary of the Interior argued that "'Fa'a Samoa' (the Samoan way of life) encompasses a complex system of personal interrelationships manifestly adverse to the jury system."

Accordingly, Plaintiff submits that the record herein demonstrates that there is more than a reasonable likelihood that Plaintiff cannot be provided a jury trial in American Samoa that meets minimal constitutional standards.

VII. Conclusion

For all of the foregoing reasons Plaintiff submits that the District Court should deny Defendant's motion to dismiss and enjoin and/or restrain the Secretary of the Interior from continuing to incarcerate and subjecting Plaintiff to a trial for murder in American Samoa without insuring that Plaintiff will receive a fair and unbiased jury trial.

Dated:   Honolulu, Hawaii, December 15, 2005

_____
ERIC A. SEITZ, D.C. Bar #363830
820 Mililani Street
Suite 714
Honolulu, Hawaii 96813
(808) 533-7434

Attorney for Plaintiff
RICHARD MAJHOR

9