ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ
820 Mililani Street
Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608
E-mail: eseitzatty@yahoo.com

ANDREW T. STAVE
Assistant Public Defender
P.O. Box 4030
Utulei, American Samoa 96799
Telephone:  (684) 633-1286
Facsimile:  (684) 633-4749

Attorneys for Defendant
Richard Majhor

IN THE HIGH COURT OF AMERICAN SAMOA
TRIAL DIVISION

| | | |
|---|---|---|
| AMERICAN SAMOA GOVERNMENT, | ) | HCCR NO. 010-03 |
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT'S RENEWED MOTION TO CHANGE THE VENUE AND/OR ABATE THE PROCEEDINGS; AFFIDAVIT OF ERIC A. SEITZ; EXHIBITS 1-16; AFFIDAVIT OF BENTLEY ADAMS; AFFIDAVIT OF LOIA MANUELE FIAUI; MEMORANDUM OF LAW; CERTIFICATE OF SERVICE |
| RICHARD MAJHOR, | ) | |
| Defendant. | ) | |

HEARING: _____
          _____
          _____

(Trial:  July 5, 2005)

**EXHIBIT** _2_

## DEFENDANT'S RENEWED MOTION TO CHANGE THE VENUE AND/OR ABATE THE PROCEEDINGS

Defendant Richard Majhor, by and through his undersigned attorneys, hereby renews his motion for an Order changing the venue for the trial of this case and/or abating the proceedings due to the inability of this Court to afford the Defendant a fair and impartial trial in American Samoa. This motion is based upon the attached affidavits, exhibits, and memorandum of law, the records and files herein, and the testimony to be adduced at an evidentiary hearing.

DATED: Honolulu, Hawaii, January 20, 2005.

ERIC A. SEITZ
ANDREW T. STAVE

Attorneys for Defendant
Richard Majhor

-2-

IN THE HIGH COURT OF AMERICAN SAMOA
TRIAL DIVISION

AMERICAN SAMOA GOVERNMENT,   )   HCCR NO. 010-03
                      )
          Plaintiff,   )
                      )   AFFIDAVIT OF ERIC A.
     vs.              )   SEITZ;  EXHIBITS 1-
                      )
RICHARD MAJHOR,         )
                      )
         Defendant.   )

AFFIDAVIT OF ERIC A. SEITZ

STATE OF HAWAII      )
                    ) SS.
CITY AND COUNTY OF HONOLULU  )

ERIC A. SEITZ, being first duly sworn on oath, deposes and says:

(1)  I am an attorney licensed to practice in the States of California and Hawaii and the District of Columbia.

(2)  I am the principal retained counsel for Defendant Richard Majhor in the above referenced matter.

(3)  From my review of the records and files herein I am informed and believe that Richard Majhor is a Caucasian and a citizen of the United States who was residing in American Samoa with his part-Samoan wife, Diane Majhor, when both of them were arrested in March 2003, because they allegedly were implicated in the disappearance of a young Samoan male named Wyatt Bowles, Jr.

(4)  Eventually Richard Majhor was charged herein with the murder of Wyatt Bowles, Jr., based substantially upon

the anticipated testimony of several young Samoan males who allegedly participated in the charged offense along with and at the direction of Richard Majhor.

(5)    From the time he was first contacted by the police up to and until the present time Richard Majhor has denied any knowledge of or participation in the alleged murder of Wyatt Bowles, Jr.

(6)    I am informed and believe that the disappearance of Wyatt Bowles, Jr., and the proceedings in this case have been the subject of continuing and extensive publicity in American Samoa including, but not limited to, repeated news articles in the print media, on radio, television, and internet news outlets including, but not limited to, reports of the arrests of Richard and Diane Majhor, admissions by co-conspirators who have identified Richard Majhor as the principal actor, allegations that the victim was murdered over a drug debt and that Richard Majhor is the "drug kingpin" and the leader of a "drug gang" in American Samoa; allegations that Richard Majhor has imported drugs to American Samoa inside the frames of the computers which he was in the business of selling; allegations that Richard Majhor is under investigation by the United States Federal Bureau of Investigation and the Drug Enforcement Agency; allegations that Richard Majhor may be implicated in the death of another person whose unidentified body was found in American Samoa; and the Attorney General's decision to seek the death penalty against Richard

Majhor due to some or all of the foregoing allegations.

(7)    Attached hereto as Exhibits 2 through 16 are copies of some of the relevant news articles and releases that contained speculative, untrue, irresponsible, and prejudicial information about Richard Majhor that have been published in the community from which prospective jurors will be selected when and if this case proceeds to trial in American Samoa.

(8)    Although the Court previously has considered and denied a request to change the venue in this case to some other location in American Samoa, it is submitted that there are new, additional, and substantial considerations that were not previously presented to the Court which warrant a further evidentiary hearing and determination as to whether, under the circumstances, Richard Majhor can be afforded and could receive a fair and impartial trial anywhere in American Samoa.

(9)    In addition to the previously submitted news articles accompanying the earlier motion, Defendant is prepared to present witnesses from the news media who can testify and provide a more complete factual record as to the pervasiveness of the publicity surrounding these proceedings.

(10)    Additionally, at an evidentiary hearing Defendant will elaborate upon the affidavits of expert witnesses, attached hereto, that, due to the ethnicity of the Defendant, the victim, and the co-conspirators, Richard Majhor is highly unlikely to obtain and a fair and impartial trial in American Samoa.

(11)  Finally,  at  an  evidentiary hearing Defendant will  present  the  opinions  of expert witnesses that under the circumstances  of  this case -- including the pretrial publicity and  the ethnicity of the parties -- it would not be possible to impanel  a  jury  in  American Samoa free from the influences of traditional  and  familial  influences that could afford Richard Majhor  a  fair, unbiased, and impartial trial based solely upon the evidence that may be presented in court.

(12)  It is  respectfully  submitted that based upon the  opinions of our experts no amount of juror voir dire and/or further  continuances  can  effectively  dissipate the potential adverse  effects  of  the prejudicial pretrial publicity and the likelihood that potential jurors already will have been subject- ed  to influences that seriously interfere with their ability to be fair and impartial in this case.

(13)  In the meantime, I am informed and believe that Richard  Majhor  has  been  incarcerated without bail for nearly two  years,  has been provided with no programs or activities to meaningfully  occupy his time, has not been allowed to regularly see  or  communicate  with his wife and other family members for extended  periods  of  time,  and  has been disciplined and sub- jected  to  the  loss  of  all privileges without any hearing or procedural  due process under conditions that arguably equate to unconstitutional pretrial punishment.

(14)  Accordingly  it is requested that the Court set

this matter for an evidentiary hearing and thereupon grant sufficient and appropriate relief.

_____
ERIC A. SEITZ

Subscribed and sworn to before me
this __18th__ day of January, 2005.

_____
Notary Public, State of Hawaii
Juli T. Seitz
My commission expires: Jan 4, 2008

FILED IN THE
UNITED STATES DISTRICT COL
DISTRICT OF HAWAII

AUG 3 0 2001

at 4 o'clock and 40 min. 1
WALTER A. Y. H. CHINN, CLER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 01-00132 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION TO DISMISS |
| | ) | |
| KIL SOO LEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

I.        INTRODUCTION.

This case raises the question of whether a person arrested in American Samoa for allegedly committing federal crimes in American Samoa may be charged and tried by the federal district court in the District of Hawaii. American Samoa is indisputably not part of the District of Hawaii. Under the law applicable to federal crimes, Lee must be tried in a "district" by a "district court." The questions before this court are therefore whether American Samoa is such a "district," and whether any American Samoa court qualifies as a "district court." Because the answer to both questions is "no," and because the District of Hawaii was the first district to which Defendant Kil Soo Lee ("Lee") was brought, the case is properly in Hawaii. Accordingly, the motion to dismiss is denied.

EXHIBIT 1

II.        FACTUAL BACKGROUND.

Lee ran a factory in American Samoa.  It is asserted that the Samoan government, having supported Lee's business efforts, has so far declined to charge Lee with crimes relating to his business.  On March 23, 2001, federal authorities sought and obtained in the District of Hawaii a warrant for Lee's arrest.  Federal agents then arrested Lee in American Samoa and brought him directly and without his consent to Hawaii.  The agents did not go through the extradition process for bringing Lee from American Samoa to Hawaii.

On April 5, 2001, Lee was indicted for alleged violations of 18 U.S.C. §§ 1584, 1589, and 1594.  The indictment charged Lee with having knowingly and willfully held Vietnamese factory workers in involuntary servitude (Count 1).  The indictment further charged Lee with having attempted to provide and obtain the labor of the Vietnamese factory workers by threats of harm, physical restraint, and/or abuse of the law and legal process (Count 2).

III.       THE ISSUE BEFORE THIS COURT IS ONE OF VENUE.

Although Lee moves to dismiss for lack of jurisdiction or for improper venue, Lee's motion raises issues only of venue, not of jurisdiction.  Lee argues that his trial should be held in American Samoa in what he sees as courts that are federal in

nature and equivalent to federal district courts.  Lee is arguing
nothing more than that "another district court is the proper
venue."  Accordingly, the court analyzes Lee's motion as a motion
to dismiss for improper venue.[1]

Jurisdiction would be implicated if Lee were arguing
that no district court anywhere could try Lee.  That might be the
case if, for example, Lee were arguing that the charge against
him involved a violation of only Samoan law, and that the alleged
offense had not been committed within a federal enclave.  In that
event, Lee would be arguing that no federal court could try him.
Lee is not arguing that the United States District Court for the
District of Hawaii is the kind of court that cannot try cases
brought under Title 18.  Lee is instead contending only that the
District of Hawaii is the wrong place for this case.

---

[1]The court recognizes that, in the normal case, the
government ultimately bears the burden of proving venue by a
preponderance of the evidence.  United States v. Jones, 231 F.3d
508, 516 (9th Cir. 2000); United States v. Ruelas-Arrequin, 219
F.3d 1056, 1060 (9th Cir.), cert. denied, 531 U.S. 1024 (2000).
This motion, however, does not involve evidence at all.  The
facts relevant to this motion are undisputed.  The venue issues
raised by this motion are issues entirely of law.

IV.        ANALYSIS.

A.    18 U.S.C. § 3231.

American Samoa is an unincorporated territory of the United States. See 48 U.S.C. § 1661 (1987); United States v. Standard Oil Co. of Cal., 404 U.S. 558, 560 (1972) (holding that section 3 of the Sherman Act applies to American Samoa because it is a territory of the United States); King v. Morton, 520 F.2d 1140, 1142 (D.C. Cir. 1975) ("American Samoa is an unincorporated territory of the United States"). American Samoa has no federal district court, see 28 U.S.C. §§ 81-144 (1993 & Supp. 2001), and is not part of the District of Hawaii. See 28 U.S.C. § 91 (1993).

Lee is charged with having violated provisions in Title 18 of the United States Code. There is no dispute that these laws apply in American Samoa, a United States territory. See 18 U.S.C. § 5 (2000) (defining "United States" as including "all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone").

Lee argues that he should be charged and tried by American Samoan authorities. In deciding this issue, the court begins with the United States Constitution, which states that the "Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said

4

Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."  U.S. Const. art. III, § 2, cl. 3.  With certain exceptions not relevant here, Rule 18 of the Federal Rules of Criminal Procedure similarly requires a prosecution to be in the "district in which the offense was committed."  Fed. R. Crim. P. 18; see 18 U.S.C. § 3232 (2000). If an alleged offense was not committed in an area that is a "district," Congress has directed that the trial "shall be in the district in which the offender . . . is arrested or is first brought."[2]  18 U.S.C. § 3238 (2000).  Accordingly, to determine whether venue is proper in American Samoa or in this court, the court must first determine whether American Samoa is a "district."

Lee argues that American Samoa is a "district" and that its courts are equivalent to "district courts."  When it accepted American Samoa's cession of land to the United States, Congress specified that, "[u]ntil Congress shall provide for the government of [American Samoa], all . . . judicial . . . powers

---

[2]If an alleged crime is not committed in any district, and if the alleged offender is not arrested or "first brought" into a district, an indictment or information may also "be filed in the district of the last known residence of the offender . . . , or[,] if no such residence is known[,] the indictment or information may be filed in the District of Columbia." 18 U.S.C. § 3238 (2000).

shall be vested in such person or persons . . . as the President of the United States shall direct." 48 U.S.C. § 1661(c) (1987). As of July 1, 1951, the administration of American Samoa was transferred to the Secretary of the Interior. See Exec. Order No. 10264, 16 Fed. Reg. 6419, reprinted in 48 U.S.C. § 1662 (1987). Lee argues that, because the Secretary of the Interior has been vested with "all judicial . . . powers," and because the Secretary of the Interior has set up American Samoa's courts, those courts necessarily have the exclusive power to try him for violations of Title 18 of the United States Code. This court disagrees.

The federal judicial "districts" are statutorily defined. See 28 U.S.C. §§ 81-144 (listing all judicial "districts"). American Samoa is nowhere defined as a judicial district. Moreover, its courts have never been given the powers that the "district courts" in the statutorily defined "districts" have. American Samoa's courts therefore lack the power to prosecute violations of Title 18.

There is no dispute that the courts of American Samoa have jurisdiction to prosecute violations of American Samoan law. American Samoan law has apparently incorporated all of Title 18 of the United States Code, making violations of Title 18 violations of American Samoan law. However, under

6

8 U.S.C. § 3231, the United States district courts have the exclusive jurisdiction to prosecute federal crimes.  18 U.S.C. § 3231 (2000) (the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"). Thus, unless the courts of American Samoa are "district courts of the United States," the courts of American Samoa have jurisdiction to prosecute violations of American Samoan law only. This is so even if violations of American Samoan law are also violations of federal law.  The identical federal crimes would have to be tried in a federal district court.

Lee's argument that the term "district" was intended to encompass United States territories with courts vested with authority by Congress falls short in several respects.

Lee's argument would require the conclusion that Congress intended that defendants tried for federal crimes in American Samoa be denied the full panoply of rights and protections available to defendants in the United States district courts.  Lee's argument would have defendants in both systems subject to the same federal penalties without having been afforded the same rights.  The court finds no reason to conclude that Congress intended this disparity.

American Samoa does not have a grand jury system. A felony charge is initiated by the filing of an information. <u>See</u> Amer. Samoa Rules of Crim. P. 7(a).

Trial by jury in American Samoa is a relatively recent phenomenon. American Samoa's constitution does not provide for trial by jury, although defendants in American Samoa are apparently receiving jury trials as a matter of practice. This appears to have occurred in the wake of a decision by the federal district court for the District of Columbia holding that, in a criminal trial for violation of American Samoan tax law, a defendant tried in American Samoa must be offered a jury trial as a matter of federal law. <u>King v. Andrus</u>, 452 F. Supp. 11 (D.D.C. 1977). That case enjoined the Secretary of the Interior from enforcing the judgment entered against a defendant who had not been offered a jury trial.

There is no appeal as of right of any conviction in an American Samoan court to an Article III court. Instead, defendants may petition for certiorari to the United States Supreme Court, or bring a civil action against the Secretary of the Interior, assuming they satisfy the jurisdictional requirements for such civil suits. <u>See</u> <u>Morton</u>, 520 F.2d at 1145.

Moreover, in American Samoa, lawyers are not required to have attended an American law school. Even if, in practice,

most of American Samoa's attorneys have graduated from American law schools, High Court Rule 137 (1989) allows someone who is a member of only a foreign country's bar to join American Samoa's bar if, among other things, "the English common law forms substantially the basis of that country's jurisprudence." A defendant tried in American Samoa could, at least in theory, appear before a judge schooled entirely outside of the United States. See, e.g., Amer. Samoa Code § 3.1010 (1992) (requiring that judges in American Samoa be "learned in the law" but not requiring training in American law). While lawyers or judges trained outside of the United States are frequently more learned than those trained in the United States, a defendant cannot always rely on that circumstance. The court also notes that the Secretary of the Interior may hire and fire appellate justices in American Samoa at the Secretary's discretion, leading to possible separation of powers problems between the executive and judicial branches of government. See Morton, 520 F.2d at 1160 (Tamm dissent); Revised Const. of Amer. Samoa, Art. III, § 3 ("The Secretary of the Interior shall appoint a Chief Justice of American Samoa and such Associate Justices as he may deem necessary").

In arguing that trial is nevertheless proper in American Samoa, Lee cites Meaamaile v. American Samoa, et al.,

9

550 F. Supp. 1227, 1235-36 (D. Haw. 1982), for the proposition

that "territorial courts are competent to decide cases arising

under the Constitution and laws of the United States." However,

Meaamaile did not involve a criminal statute and did not discuss

the restriction in § 3231 of federal criminal jurisdiction to

federal district courts.

In Meaamaile, Judge Samuel P. King held that the High

Court of American Samoa, as a legislative as opposed to an

Article III court, was competent to decide the plaintiff's

federal civil rights claim because that claim did not necessarily

have to be heard by an Article III court. Id. Judge King

further found that American Samoa's courts could try the

plaintiff's in personam admiralty claims. Id. at 1236. It is

important to recognize that the claims in Meaamaile were claims

that could have been brought in either a state or federal court.

The plaintiff's civil rights claims were brought under

42 U.S.C. §§ 1981, 1983, and 1985. Id. at 1229. Such claims may

be brought in any state or federal court. See, e.g., Felder v.

Casey, 487 U.S. 131, 139 (1988) (noting that state and federal

courts have concurrent jurisdiction over § 1983 claims); Legal

Econ. Evaluations, Inc. v. Metropolitan Life Ins. Co., 39 F.3d

951, 956 (9th Cir. 1994) (noting that federal and state courts

have concurrent jurisdiction over § 1983 claims); DeHorney v.

10

Bank of Amer. Nat. Trust and Sav. Ass'n, 879 F.2d 459, 463 (9th
Cir. 1989) ("we hold that the state courts enjoy concurrent
jurisdiction over section 1981 causes"); Bennun v. Board of
Governors of Rutgers, 413 F. Supp. 1274, 1279 (D.N.J. 1976)
(holding that state and federal district courts have concurrent
jurisdiction over cases arising under 42 U.S.C. § 1985).  It is
therefore clear that such civil rights claims may also be brought
in a territorial court.  Similarly, Judge King concluded that the
plaintiff's in personam admiralty claims could have been brought
in either a state or federal court.  Meaamaile, 550 F. Supp. at
1236.  Meaamaile is therefore distinguishable from Lee's case;
that civil case was not governed by the requirement in § 3231
that a federal prosecution must occur in a federal district
court.[3]

     While Congress, in 48 U.S.C. § 1661, gave the President
the right to designate those who would have "all" judicial powers
in American Samoa, Congress never expressly turned over to the
executive branch jurisdiction over federal crimes.  That
jurisdiction was vested exclusively in United States district
courts.  The delegation of "all" judicial powers in American

_____

     [3]Judge King noted in Meaamaile that, as this court
notes, the issue of whether a matter should be tried here or in
American Samoa is not a jurisdictional issue.  See id. at 1235
n.11 ("The issue before this court is not a jurisdictional one").

11

Samoa was not an implicit limitation on or repeal of § 3231.

Instead, Congress was conferring the power to establish courts in

American Samoa with jurisdiction over matters not otherwise in

the exclusive jurisdiction of other courts.

　　　　Lee is presumably not arguing that the term "all"

should be read as containing no restrictions. Otherwise, Lee

would have to contend that American Samoa's courts would, in some

instances, have broader powers than federal district or circuit

courts. A district court, for example, cannot try matters that

are reserved for the Court of Federal Claims. If "all" contains

no limitation, American Samoa's courts could address such

matters. Similarly, the Ninth Circuit may not hear appeals from

patent infringement decisions by this court. Such appeals are

heard by the Federal Circuit. Reading "all" as having no

limitation would presumably have the High Court of American Samoa

hearing patent appeals that the Ninth Circuit could not hear.

There is no reason for this court to conclude that Congress

intended to confer such unlimited jurisdiction on American

Samoa's courts. If "all" powers are indeed limited, then the

limitation of § 3231 must apply.

　　　　The authorities Lee urges this court to follow do not

support Lee's contrary reading of § 3231. Lee relies heavily on

the reasoning in <u>Ex Parte Bollman</u>, 8 U.S. 75, 135-136 (1807).

Bollman was decided just a few years after the Louisiana
Purchase.  The defendants were suspected of having committed
treason by levying war against the United States while in the
"territory of New-Orleans."  The matter was before the Court on a
pre-indictment writ of habeas corpus, with the petitioners
arguing that they could not be detained on the treason charges.
The essential holding by the Court was that, as there was no
evidence supporting the treason allegations, the defendants had
to be released:

> It is therefore the opinion of a
> majority of the court, that in the case of
> Samuel Swartwout there is not sufficient
> evidence of his levying war against the
> United States to justify his commitment on
> the charge of treason.
>
> Against Erick Bollman there is still
> less testimony.  Nothing has been said by him
> to support the charge that the enterprize in
> which he was engaged had any other object
> than was stated in the letter of Colonel
> Burr.  Against him, therefore, there is no
> evidence to support a charge of treason.
>
>                .  .  .  .
>
>          .  .  .  .  [T]herefore, as the crime with
> which the prisoners stand charged has not
> been committed, the court can only direct
> them to be discharged.

Id. at 135-36.  The Court noted that "fresh proceedings" might be
instituted against the defendants on a different record.

13

In what may well be mere dicta, the Court went on to
note that, if the defendants could be tried at all, their trial
could not occur in the District of Columbia.  The Court noted
that no part of the alleged crimes had occurred in the District
of Columbia.  <u>Id.</u> at 135.  Nor does it appear from the opinion
that the defendants had been arrested in or first brought to the
District of Columbia.

The predecessor of § 3238 that applied in <u>Bollman</u>
provided that venue was proper where the offense was committed
or, if no tribunal existed that could try the offense, at the
place with a tribunal to which the defendants were first brought.
Because, the Court held, Congress had provided for a tribunal in
the New Orleans territory for the offenses alleged, the
defendants, assuming they were to stand trial, should be tried in
the New Orleans territory.  <u>Id.</u> at 136.  No authority establishes
that Congress similarly provided for American Samoa's courts to
try federal crimes.

Lee also relies on <u>United States v. Chapman</u>, 14 F.2d
312 (W.D. Wash. 1926), for the conclusion that he must be charged
and tried in American Samoa.  <u>Chapman</u>, however, involved an
entirely different situation.  In <u>Chapman</u>, the defendant
allegedly embezzled money from the United States Court for China.
An information charging Chapman with this federal crime was filed

14

in the United States Court for China.  Chapman was subsequently

found in the Western District of Washington.

At issue was a provision stating that, for any crime

against the United States, an alleged offender could be tried

"before such court of the United States as by law has cognizance

of the offense."  The provision further stated that, "where any

offender or witness is committed in any district other than that

where the offense is to be tried, it shall be the duty of the

judge of the district where such offender or witness is

imprisoned, seasonably to issue . . . a warrant for his removal

to the district where the trial is to be had." Id. at 313

(emphasis added).  The court in Chapman noted that Congress had

created the United States Court for China and had given that

court jurisdiction over the crime Chapman was charged with having

committed.  Id. at 313.  In fact, Congress had given the judge,

prosecutor, marshal, and court clerk of the United States Court

for China "authority possessed by the corresponding officers of

the District Courts of the United States." Id.  Although the

United States Court for China was not specifically designated as

a district court, the Chapman court found that unimportant

because the statute it was relying on used "district" in the

generic sense, that is, as referring to "the territory of the

tribunal having judicial cognizance of the offense." Id.

15

Because the United States Court for China had judicial cognizance of the crimes Chapman was charged with, China was a "district" under the governing provision.  This is a far cry from a conclusion that a territorial court vested with a less explicit grant of power may try federal cases.  See Harlow v. United States, 301 F.2d 361, 370 (5th Cir.) (a United States territory is not a district under § 3238 "unless the court having jurisdiction over that territory is invested with the same power as ordinary district courts"), cert. denied, 371 U.S. 814 (1962). Nothing in the laws passed by Congress relating to American Samoa comes close to stating that the courts of American Samoa have the authority possessed by the district courts of the United States. Accordingly, Lee's case is not analogous to Chapman.

   B. 18 U.S.C. § 3238.

   When an alleged offense against the laws of the United States is not committed in any district, such as when an alleged offense is committed in American Samoa, the trial of that offense "shall be in the district in which the offender . . . is arrested or first brought."  18 U.S.C. § 3238.  Although many judicial decisions mistakenly refer to § 3238 as a jurisdictional statute, § 3238 is clearly a venue statute.  See United States v. Erdos, 474 F.2d 157, 160 (4th Cir.) ("Venue, in cases of crimes committed outside any district, is controlled by

16

18 U.S.C. § 3238"), <u>cert. denied</u>, 414 U.S. 876 (1973); <u>see also</u>

<u>United States v. Liang</u>, 224 F.3d 1057, 1059 (9th Cir. 2000) ("To

satisfy venue requirements under § 3238, the government must show

that Zhou was 'first brought to' or 'arrested' in CNMI"); 2

Charles Alan Wright, <u>Federal Practice and Procedure</u> § 304 (3d ed.

2000) at 333 ("Section 3238 is a venue statute").

The term "first brought" in § 3238 only refers to

situations in which the offender is returned to the United States

already in custody. <u>Liang</u>, 224 F.3d at 1060. It is undisputed

that the District of Hawaii was the district to which Lee was

"first brought" after he was arrested and taken into custody.

Accordingly, venue is proper in Hawaii under § 3238.[4]

---

[4]Lee argues that Hawaii will become the de facto
district court for American Samoa. Lee says that, because all
flights from American Samoa fly to Hawaii, all defendants in
custody removed from American Samoa will be "first brought" to
Hawaii for purposes of § 3238. However, § 3238 also provides for
a defendant's place of residence or the District of Columbia to
be the venue for such prosecutions. <u>See</u> 18 U.S.C. § 3238.
Moreover, the Ninth Circuit has not indicated whether it
considers a defendant to be "first brought" to Hawaii even if the
defendant's plane merely stops in Hawaii en route to another
district. <u>But see</u> <u>Chandler v. United States</u>, 171 F.2d 921, 927-
28 (1st Cir. 1948) (holding that venue was appropriate in
Massachusetts when a plane flying to Washington, D.C., developed
mechanical problems and was forced to land in Massachusetts,
rendering the defendant "first brought" in Massachusetts), <u>cert.
denied</u>, 336 U.S. 918 (1949). Even if recognizing the District of
Hawaii as the proper venue in this case opens the "floodgates,"
as Lee predicts, this court may not for that reason refuse to
hear Lee's case, as that is the framework created by Congress.

Venue is proper in Hawaii even if Lee was improperly brought into this district, and even if the government violated the extradition laws of American Samoa.  See <u>Gillars v. United States</u>, 182 F.2d 962, 972 (D.C. Cir. 1950) (noting that a defendant brought against her will from Germany to the District of Columbia could be tried in the District of Columbia "even assuming for present purposes that she was brought here unlawfully"); <u>Chandler</u>, 171 F.2d at 934 (stating that a court should not refuse to exercise jurisdiction over a fugitive from justice merely because that person was brought within the jurisdiction of the court by illegal means).

V.    <u>CONCLUSION.</u>

For the reasons set forth above, the District of Hawaii is the proper venue for Lee's trial.  Lee's motion to dismiss is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 30, 2001.

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

<u>United States of America v. Kil Soo Lee</u>, Crim. No. 01-00132 SOM;
Order Denying Defendant's Motion to Dismiss.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

## Court appoints attorneys today for Wyatt Bowles case

*by B. Chen, Samoa News Staff Reporter*

A status hearing took place yesterday morning in the District Court of American Samoa for the six defendants who are being charged in connection with the mysterious disappearance of 23-year-old Wyatt Bowles Jr.

As of now, none of the six defendants have the assistance of counsel. This is according to a spokesperson from the Attorney General's Office.

The Public Defender's Office initially represented the defendants during their initial appearances last week but during the status hearing yesterday morning, District Court Judge John L. Ward stated that he will be appointing attorneys for the six defendants this morning.

Jake Malala and Richard Mahjor were determined not to be indigent and were not eligible for representation by the Public Defender's Office. Subsequently, the two men were ordered to seek counsel from a private attorney but the two men have still not been able to do so.

Records and information supporting the charges against the six defendants have been sealed off to the public by order of the court. However, charges against the defendants were read aloud in open court.

For their alleged involvement in the disappearance of Wyatt Bowles Jr., the charges against the defendants were read as follows: Richard Mahjor, Victor "Vic" Sepulona and Talofa Seumanu will each be charged with first degree murder, first degree assault, felonious restraint, tampering with physical evidence and property damage in the first degree.

Co-defendant Jake Malala is facing charges of stealing, tampering with physical evidence and property damage in the first degree.

Despite the motion to set bail, all four men are incarcerated at the Territorial Correctional Facility (TCF) in Tafuna without bail.

Paulava Malala and Uatisone "Whiskey" Kelemete were each charged with tampering with physical evidence for their alleged involvement in the case.

**EXHIBIT  2**

The two are being held at the TCF with bail set at $25,000.

Several other conditions were added as stipulations for bail for Paulava and Whiskey. Those conditions included refraining from the consumption of alcohol and being subjected to mandatory alcohol testing.

First degree murder is a class A felony that is punishable by death or imprisonment for a minimum of forty years without probation or parole.

Assault in the first degree is a class B felony that is punishable by five to fifteen years in jail. Unless committed by means of a deadly weapon or dangerous instrument, then it is a class A felony.

Stealing and felonious restraint are both class C felonies that are each punishable by imprisonment of up to seven years and/or a fine of up to $5,000.

Tampering with physical evidence and property damage in the first degree are both class D felonies that each carry a punishment of five years imprisonment and a $5,000 fine.

This case is being prosecuted by Assistant Attorney General Marcellus Talaimalo Uiagalelei.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# CIIB arrests 7th suspect in Bowles case

*by Tau Toluono*

Samoa News Correspondent

The Criminal Investigation and Intelligence Bureau (CIIB) made another arrest yesterday in connection with Wyatt Bowles Jr.'s disappearance which happened over two weeks ago. Arrested was a man in his mid-thirties. Samoa News is withholding the name until his first appearance in district court today.

The suspect was reportedly arrested yesterday afternoon and that brings to seven the number of suspects arrested in connection with Bowles' disappearance.

A reliable source told Samoa News last night, the arrest yesterday leaves DPS's Criminal Investigation and Intelligence Bureau with three more arrests to make before it completes its case.

The arrests CIIB has already made in the case are the alleged ringleader Richard Mahjor, Jake Malala, Paulava Malala, Victor "Vic" Sepurona, Talofa Seumanu and Uatisone Whisky Kelemete. Now the seventh suspect is expected to appear in district court today.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# Court appoints counsel for six defendants in Bowles case

*by B. Chen*

Samoa News Staff Reporter

The six defendants who are being charged in connection with the disappearance of 23-year-old Wyatt Bowles Jr. of Fogagogo appeared in the District Court yesterday morning where attorneys for all six defendants were appointed by District Court Judge John L. Ward.

Before yesterday, the six men were without the assistance of counsel as attorneys from the Public Defender's Office were merely handling their initial appearances and making motions for bail purposes.

Because of their financial status, Richard Mahjor and Jake Malala were initially ordered by the court to seek the assistance of private counsel. However, the two men were not able to do so and during yesterday's hearing, the court appointed the Public Defender's Office to represent Richard Mahjor, Jake Malala and Talofa Seumanu.

Private attorneys were appointed by the court to handle the cases of the other three defendants. Asaua Fuimaono was appointed to be counsel for Uatisone

"Whiskey" Kelemete, Salanoa Soli Aumoeualogo was appointed to be counsel for Victor "Vic" Sepulona while David Vargas has been assigned to represent Paulava Malala.

A preliminary examination date for all six defendants is scheduled for March 19.

Since charges were brought and filed against the six men, records and information supporting the charges against them have been sealed by order of the court. However, charges against the defendants were read aloud in open court.

Richard Mahjor, Victor "Vic" Sepulona and Talofa Seumanu are each facing charges of first degree murder, first degree assault, felonious restraint, tampering with physical evidence and property damage in the first degree for their alleged involvement in the Wyatt Bowles case.

Co-defendant Jake Malala is being charged with stealing, tampering with physical evidence, and property damage in the first degree.

Despite the motion to set bail, all four men are incarcerated at the Territorial Correctional Facility (TCF) in Tafuna without bail.

Paulava Malala and Uatisone "Whiskey" Kelemete were each charged with tampering with physical evidence for their alleged involvement in the case.

The two are being held at the TCF with bail set at $25,000.

Several other conditions were added as stipulations of bail for Paulava and Whiskey. Those conditions included refraining from the consumption of alcohol and being subjected to mandatory alcohol testing. They are also prohibited from making any contact with any of the named witnesses in this case.

First degree murder is a class A felony that is punishable by death or imprisonment for a minimum of forty years without probation or parole.

Assault in the first degree is a class B felony that is punishable by five to fifteen years in jail unless committed by means of a deadly weapon or dangerous instrument, then it is a class A felony.

Stealing and felonious restraint are both class C felonies that are each punishable by imprisonment of up to seven years and/or a fine of up to $5,000.

Tampering with physical evidence and property damage in the first degree are both class D felonies that each carry a punishment of five years imprisonment and a $5,000 fine.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# Seventh defendant in Bowles case appears in court

*by B. Chen*

Samoa News Staff Reporter

Sanele Mareko, the seventh defendant to be charged in connection with the disappearance of 23-year-old Wyatt Bowles Jr., made his initial appearance in the District Court yesterday morning.

Mareko is being charged with one count of conspiracy to commit murder, which is a class B felony that carries a punishment of five to fifteen years behind bars.

By order of District Court Judge John L. Ward, information supporting the charges against Mareko have been sealed off to the public along with all information relating to the charges against his six co-defendants in this case.

Two days ago, the court appointed counsel for all the defendants in this case and during his initial appearance yesterday, Mareko was represented by his court-appointed attorney, former Assistant Attorney General Fainu'ulelei L.F. Ala'ilima-Utu.

During court proceedings, Ala'ilima-Utu stated that his client was one of the key witnesses in this case and bail should be considered as his client, compared to the other six defendants, had minimal involvement in this case.

A motion to set bail for Mareko has been taken under advisement and in the meantime, Mareko is incarcerated at the Territorial Correctional Facility (TCF) in Tafuna.

His six co-defendants are also being detained at the TCF without bail.

His preliminary examination is scheduled for next Wednesday, March 19.

This case is being prosecuted by Assistant Attorney General Marcellus Talaimalo Uiagalelei.

EXHIBIT 3

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# Additional charges filed against 3 defendants in Bowles case

*by B. Chen*

Samoa News Staff Reporter

With the initial appearance of a seventh defendant in the Wyatt Bowles case came additional charges filed against three of the other defendants in the same case.

Paulava Malala, his brother Jake Malala and one of their co-defendants, Uatisone "Whiskey" Kelemete, appeared in the District Court yesterday morning where all three were charged with conspiracy to commit murder in addition to the initial charges which have already been filed against them.

For their alleged involvement in the disappearance of 23-year-old Wyatt Bowles Jr., Paulava Malala and Uatisone "Whiskey" Kelemete are each facing one count of tampering with physical evidence.

Co-defendant Jake Malala is being charged with stealing, property damage in the first degree, and tampering with physical evidence.

Paulava and Whiskey were initially held at the Territorial Correctional Facility (TCF) in Tafuna and bail was set at $25,000 with special conditions.

However, as a result of the new charges against the them, Paulava and Whiskey are now being detained without bail along with co-defendants Jake Malala, Richard Mahjor, Talofa Seumanu, and Victor Sepulona.

Richard Mahjor, Victor "Vic" Sepulona and Talofa Seumanu are each facing charges of first degree murder, first degree assault, felonious restraint, tampering with physical evidence and property damage in the first degree for their alleged involvement in the Wyatt Bowles case.

The seventh defendant, Sanele Mareko, who is being charged with conspiracy to commit murder, made his initial appearance in the District Court yesterday

EXHIBIT   4

morning where the court appointed former Assistant Attorney General Fainu'ulelei L.F. Ala'ilima-Utu to represent him.

Mareko's motion to set bail has been taken under advisement and he too is currently being held at the TCF.

All seven men who are being charged in this case will appear in the District Court next Wednesday, March 19, for their preliminary examination hearings.

On Tuesday, the court had appointed counsel for the defendants as the Public Defender's Office is clearly understaffed to take on all the indigent defendants involved in this case.

Because of their financial status, Richard Mahjor and Jake Malala were initially ordered by the court to seek the assistance of private counsel. However, the two men were not able to do so and during Tuesday's hearing, the court appointed the Public Defender's Office to represent Richard Mahjor, Jake Malala and Talofa Seumanu.

Private attorneys were appointed by the court to handle the cases of the other three defendants. Asaua Fuimaono was appointed to be counsel for Uatisone "Whiskey" Kelemete, Salanoa Soli Aumoeualogo was appointed to be counsel for Victor "Vic" Sepulona while David Vargas has been assigned to represent Paulava Malala.

The seven defendants are being charged for their alleged involvement in the disappearance of 23-year-old Wyatt Bowles Jr. of Fogagogo who has been missing for over two weeks.

First degree murder is a class A felony that is punishable by death or imprisonment for a minimum of forty years without probation or parole.

Assault in the first degree and conspiracy to commit murder are both class B felonies and each count is punishable by five to fifteen years in jail.

Stealing and felonious restraint are both class C felonies that are each punishable by imprisonment of up to seven years and/or a fine of up to $5,000.

Tampering with physical evidence and property damage in the first degree are both class D felonies that each carry a punishment of five years imprisonment and a $5,000 fine.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# Diane Miller Mahjor charged with evidence tampering

*by B. Chen, Samoa News Staff Reporter*

Diane Mahjor, the first female and eighth defendant in the disappearance case of 23-year-old Wyatt Bowles Jr., made her initial appearance in the District Court yesterday morning.

Diane is the wife of one of the other defendants in this case, Richard Mahjor. For her alleged involvement in the disappearance of Wyatt Bowles, Diane is charged with two counts of tampering with physical evidence and since her arrest this past weekend, she is being held at the Territorial Correctional Facility (TCF) in Tafuna with bail set at $35,000.

Conditions of release upon posting bail include refraining from contact with the victim's family and any government witnesses. She is also prohibited from possessing any firearms or deadly weapons and she is not to attempt to escape the territory at any time while the investigation into this case is ongoing. She is also ordered to surrender her passport and travel documents to the government.

A status hearing to appoint counsel for Diane is scheduled for this morning in the District Court.

The other seven defendants in this case have all made their initial appearances and their preliminary examination hearings are scheduled for tomorrow morning.

Information supporting the charges against all defendants in this case are being sealed off to the public by order of District Court Judge John L. Ward.

Richard Mahjor, Victor "Vic" Sepulona and Talofa Seumanu are each facing charges of first degree murder, first degree assault, felonious restraint, tampering with physical evidence and property damage in the first degree for their alleged involvement in the Wyatt Bowles case.

Paulava Malala and Uatisone "Whiskey" Kelemete are each charged with tampering with physical evidence and conspiracy to commit murder.

Jake Malala, Paulava's brother, is charged with stealing, property damage in the first degree, tampering with physical evidence, and conspiracy to commit murder.

EXHIBIT 5

Sanele Mareko is charged with conspiracy to commit murder. His motion to set bail has been taken under advisement and a written order will be issued by the court to both the defense and the government.

Counsel for the seven defendants were appointed by the court. Diane Mahjor was represented by Assistant Public Defender Sharron Rancourt during her initial appearance yesterday but the court will appoint counsel for her this morning during a status hearing.

The court appointed the Public Defender's Office to represent Richard Mahjor, Jake Malala and Talofa Seumanu.

Because the understaffed Public Defender's office cannot handle everyone being charged in this case, private attorneys were appointed by the court to represent some of the defendants.

Asaua Fuimaono was appointed to be counsel for Uatisone "Whiskey" Kelemete, Salanoa Soli Aumoeualogo was appointed to be counsel for Victor "Vic" Sepulona while David Vargas has been assigned to represent Paulava Malala.

Former Assistant Attorney General Fainu'ulelei L.F. Ala'ilima-Utu will be representing Sanele Mareko.

With the exception of Diane, all defendants in this case are being held at the TCF without bail.

First degree murder is a class A felony that is punishable by death or imprisonment for a minimum of forty years without probation or parole.

Assault in the first degree and conspiracy to commit murder are both class B felonies and each count is punishable by five to fifteen years in jail.

Stealing and felonious restraint are both class C felonies that are each punishable by imprisonment of up to seven years and/or a fine of up to $5,000.

Tampering with physical evidence and property damage in the first degree are both class D felonies that each carry a punishment of five years imprisonment and a $5,000 fine.

This case is being prosecuted by Assistant Attorney Generals Marcellus Talaimalo Uiagalelei and Harvey Kincaid.

Meanwhile, as the investigation continues, Wyatt Bowles Jr.'s family has given up all hope of seeing their son alive and a memorial service for the young man was held at the American Samoa Community College (ASCC) last Saturday which an estimated 1,000 people attended.

**>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<**
**>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<**

# Six defendants in Bowles case plead not guilty

*by B. Chen*

Samoa News Staff Reporter

Richard Mahjor, Talofa Seumanu, Uatisone "Whiskey" Kelemete, Jake Malala, Paulava Malala and Victor Sepulona, six of the eight defendants who are facing charges for their alleged involvement in the disappearance of 23-year-old Wyatt Bowles Jr., all entered pleas of "not guilty" to the charges against them during their arraignment in the High Court of American Samoa yesterday morning.

A pretrial conference date for Jake Malala, Paulava Malala and Uatisone "Whiskey" Kelemete has been set for May 19 while Richard Mahjor, Talofa Seumanu and Victor Sepulona have been scheduled for a pretrial conference on September 15.

The other two defendants in this case, Richard's wife and co-defendant Diane Miller Mahjor and Sanele Mareko, will appear in the District Court this morning.

Sanele Mareko, who is being represented by DBAS legal counsel Fainu'ulelei L.F. Ala'ilima-Utu, is scheduled for a preliminary examination hearing this morning and the motion to set bail for Mareko is still being taken under advisement. He is being charged with one count of conspiracy to commit murder.

Diane Miller Mahjor, who is facing two counts of tampering with physical evidence, will also appear in the District Court this morning for a status hearing where the court will appoint counsel for her as they had done for all the other seven defendants in this case.

All information supporting the charges against the defendants in this case are sealed by order of the court.

Richard Mahjor, Victor Sepulona and Talofa Seumanu are each facing charges of first degree murder, first degree assault, felonious restraint, tampering with physical evidence, and property damage in the first degree for their alleged involvement in the disappearance of Wyatt Bowles Jr. nearly four weeks ago.

Jake Malala is being charged with stealing, property damage in the first degree and tampering with physical evidence.

EXHIBIT  6

Paulava Malala and Uatisone "Whiskey" Kelemete are each being charged with one count of tampering with physical evidence.

Paulava, Jake and Uatisone were also charged with one count of conspiracy to commit murder. However, during the preliminary examination hearings Wednesday for the three men, presiding Judge John Ward could not find probable cause and dismissed the charge of conspiracy to commit murder.

All the defendants in this case are being detained at the Territorial Correctional Facility (TCF) in Tafuna without bail with the exception of Diane whose bail has been set at $35,000.

Richard Mahjor is being represented by Assistant Public Defender Bentley Adams, Talofa Seumanu is being represented by ASG Public Defender Aviata Fa'alevao, Jake Malala is being represented by Assistant Public Defender Sharron Rancourt, Paulava Malala is being represented by David Vargas, Uatisone "Whiskey" Kelemete is being represented by Asaua Fuimaono and Victor Sepulona is being represented by Salanoa Soli Aumoeualogo.

All eight defendants are being charged in connection with the disappearance of Fogagogo resident Wyatt Bowles Jr.

The young man left home on February 24 and was never seen or heard from again. His vehicle, or what was left of it, was recovered a few days later at the bottom of the steep Vaitogi cliffs.

A memorial service for Bowles was held this past Saturday at the ASCC auditorium.

First degree murder is a class A felony that is punishable by death or imprisonment for a minimum of forty years without probation or parole.

Assault in the first degree and conspiracy to commit murder are each class B felonies and each count is punishable by five to fifteen years in jail.

Stealing and felonious restraint are both class C felonies that are each punishable by imprisonment of up to seven years and/or a fine of up to $5,000.

Tampering with physical evidence and property damage in the first degree are both class C felonies that each carry a punishment of five years imprisonment and a $5,000 fine.

This case is being prosecuted by ASG Attorney General Fiti Sunia who is teaming up with Assistant Attorneys General Marcellus Talaimalo Uiagalelei and Harvey Kincaid.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> **TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<**
>>> **IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<**

# Post article motivates CIIB to issue another arrest warrant

*by Tau Toluono*

Samoa News Corespondent

While American Samoa and some local media maintain the unlikely hope of hearing information from the sealed court documents at the preliminary examination hearing for 7 of the 8 suspects in the Wyatt Bowles disappearance case today, the Criminal Investigation and Intelligence Bureau is preparing to issue the ninth arrest warrant for what is being called a "most reliable source" who allegedly witnessed a beating that the witness claims caused the death of Wyatt Bowles Jr. who disappeared three weeks ago.

The "most reliable source" was quoted in The Samoa Post newspaper on Tuesday March 18, in a story entitled "Wyatt Bowles Jr. beaten to death."

According to a report printed by the local newspaper, "The most reliable source who witnessed together with many others, whatever happened to Wyatt Bowles Jr. on the night of the disappearance was strong enough to disclose mixed feelings that night, and the most frightening site she ever saw, the night of February 24th, 2003 at around 11 pm at night."

According to CIIB commander Vaaomala Sunia yesterday afternoon, "I can't comment on the details of our on-going investigation, also policy is that the DPS commissioner only can comment on the matter."

But he did comment on the report printed in the Samoa Post saying, "After a local newspaper revealed in their article yesterday details contributed by a person they called a most reliable source, we are forced to prepare and issue another arrest warrant immediately for that female who is the source of the information."

Speaking sarcastically Sunia stated, "Based on our investigation, we were under the impression that the people we had arrested were the only people involved. But it seems like the information quoted in Samoa Post and attributed to the anonymous source about having seen what happened, witnessed what had

EXHIBIT 7

happened, being at the scene on the night of Wyatt Bowles' disappearance must be investigated."

Strongly disagreeing with the Samoa Post story, Sunia told Samoa News, "Every single detail of information which appeared yesterday was totally not true, and it's very disrespectful to the court, the Attorney General's office and our investigative team as well. Even the Senate can't touch the sealed information, the House of Representatives can't touch it, ASG can't touch it because it has been sealed by the court."

"Wyatt's car was searched and they (meaning the alleged killers) found a gun and marijuana only," the Post article continued. Sunia told Samoa News, if this statement is true, CIIB will be wanting to take possession of this evidence.

He continued, "We are saddened that the author of the article did not get a second opinion on the matter. There is a fine line for media to walk when reporting, especially in crime cases."

According to Commander Sunia, "There's information in the article that does not belong there - like the quote which said, "Final deadly blow was done with the back of the riffle handle and it hit him on the forehead."

Sunia stated first of all, "that kind of information could not come from a reporter, judge, police, Attorney General or investigator. The only person who can accurately report that kind of information is a pathologist revealing findings of an autopsy. So because the writer revealed that false information regarding our case, we are also subpoenaing the reporter to testify based on his or her story."

Commander Sunia concluded, "The next move of our investigation - to issue an arrest warrant and subpoena, will be performed as soon as possible."

Reaching the Samoa Post management last night for comments, the Post senior reporter Mrs Leua Aiono Frost briefly told Samoa News, "I revealed my source to police."

# Court room cleared for Bowles case hearings

by B. Chen

Samoa News Staff Reporter

Seven of the eight defendants in the Wyatt Bowles Jr. case appeared in the High Court yesterday morning for a preliminary examination hearing pertaining to the charges that were filed against them involving their alleged involvement in the mysterious disappearance of the 23-year-old Fogagogo resident who was last seen over three weeks ago.

The venue for the court proceedings yesterday morning was the High Court of American Samoa instead of the District Court and District Court Judge John L. Ward presided over the hearings.

The courtroom was full to its maximum capacity during yesterday's hearing. People who were in attendance included family members and close friends of the missing Wyatt Bowles, who displayed some frustration when the courtroom had to be cleared out.

Also in attendance were family members and friends of the defendants who are being charged in this case. There were also several DPS officers present including members of the Criminal Intelligence and Investigation Bureau (CIIB).

The seven defendants were all scheduled for preliminary examinations yesterday, but the hearings were split into two separate sessions with three defendants appearing before the court in the morning while the other four defendants came later in the afternoon.

The first three defendants to appear for their preliminary examinations yesterday morning were Richard Mahjor, Talofa Seumanu and Victor Sepulona.

Assistant Public Defender Bentley Adams is representing Richard Mahjor and Talofa Seumanu while Victor Sepulona is being represented by private attorney Salanoa Soli Aumoeualogo.

The defense made a motion to close the proceedings and the motion was granted, but not before Victor Sepulona and Talofa Seumanu waived their rights to a preliminary examination hearing.

Richard Mahjor went forth with his preliminary examination hearing after the courtroom was cleared and no information could be obtained concerning the court proceeding.

All three men will be arraigned tomorrow morning in the High Court of American Samoa where they are likely to enter pleas of not guilty to the charges against them.

EXHIBIT   8

Richard Mahjor, Victor "Vic" Sepulona and Talofa Seumanu are each facing charges of first degree murder, first degree assault, felonious restraint, tampering with physical evidence and property damage in the first degree for their alleged involvement in the disappearance of Wyatt Bowles Jr.

The court recessed briefly before the other four defendants (Paulava Malala, his brother and co-defendant Jake Malala, Uatisone "Whiskey" Kelemete and Sanele Mareko) appeared before the court for their preliminary examinations.

Paulava Malala and Uatisone "Whiskey" Kelemete are each being charged with tampering with physical evidence and conspiracy to commit murder.

Jake Malala is being charged with stealing, property damage in the first degree, tampering with physical evidence, and conspiracy to commit murder.

Sanele Mareko is being charged with conspiracy to commit murder. His motion to set bail is being taken under advisement and a written order will be issued by the court to both the defense and the government.

He is the only one of the last four defendants in the second session of the preliminary examination hearings yesterday afternoon who did not waive his preliminary examination hearing and his matter has been continued until tomorrow morning.

The defense made a motion to hold the preliminary examination hearings for the four defendants in a closed courtroom and the motion was granted. Judge Ward stated that the closed hearing would be proper as information relating to the case could possibly be leaked to the public and if the case goes to trial, the selecting of a jury pool would be difficult, if not impossible, as potential jurors could possibly be swayed after hearing and reading about the information.

Jake Malala is being represented by Assistant Public Defender Bentley Adams, Paulava Malala is being represented by David Vargas, Uatisone "Whiskey" Kelemete is being represented by Asaua Fuimaono and Sanele Mareko is being represented by DBAS legal counsel Fainu'ulelei L.F. Ala'ilima-Utu.

Jake Malala, Paulava Malala and Uatisone "Whiskey" Kelemete all waived their rights to a preliminary examination and they will be arraigned in the High Court tomorrow morning where they are expected to enter pleas of not guilty to the charges against them.

The eighth defendant and the only female who has been arrested and charged in this case, Diane Miller Mahjor (Richard's wife and co-defendant), was also present in the courtroom although a status hearing to appoint counsel for her is scheduled for tomorrow morning in the District Court of American Samoa.

charges that were filed against them involving their alleged involvement in the mysterious disappearance of the 23-year-old Fogagogo resident who was last seen over three weeks ago.

The venue for the court proceedings yesterday morning was the High Court of American Samoa instead of the District Court and District Court Judge John L. Ward presided over the hearings.

The courtroom was full to its maximum capacity during yesterday's hearing. People who were in attendance included family members and close friends of the missing Wyatt Bowles, who displayed some frustration when the courtroom had to be cleared out.

Also in attendance were family members and friends of the defendants who are being charged in this case. There were also several DPS officers present including members of the Criminal Intelligence and Investigation Bureau (CIIB).

The seven defendants were all scheduled for preliminary examinations yesterday, but the hearings were split into two separate sessions with three defendants appearing before the court in the morning while the other four defendants came later in the afternoon.

The first three defendants to appear for their preliminary examinations yesterday morning were Richard Mahjor, Talofa Seumanu and Victor Sepulona.

Assistant Public Defender Bentley Adams is representing Richard Mahjor and Talofa Seumanu while Victor Sepulona is being represented by private attorney Salanoa Soli Aumoeualogo.

The defense made a motion to close the proceedings and the motion was granted, but not before Victor Sepulona and Talofa Seumanu waived their rights to a preliminary examination hearing.

Richard Mahjor went forth with his preliminary examination hearing after the courtroom was cleared and no information could be obtained concerning the court proceeding.

All three men will be arraigned tomorrow morning in the High Court of American Samoa where they are likely to enter pleas of not guilty to the charges against them.

Richard Mahjor, Victor "Vic" Sepulona and Talofa Seumanu are each facing charges of first degree murder, first degree assault, felonious restraint, tampering with physical evidence and property damage in the first degree for their alleged involvement in the disappearance of Wyatt Bowles Jr.

The court recessed briefly before the other four defendants (Paulava Malala, his brother and co-defendant Jake Malala, Uatisone "Whiskey" Kelemete and Sanele Mareko) appeared before the court for their preliminary examinations.

Paulava Malala and Uatisone "Whiskey" Kelemete are each being charged with tampering with physical evidence and conspiracy to commit murder.

Jake Malala is being charged with stealing, property damage in the first degree, tampering with physical evidence, and conspiracy to commit murder.

Sanele Mareko is being charged with conspiracy to commit murder. His motion to set bail is being taken under advisement and a written order will be issued by the court to both the defense and the government.

He is the only one of the last four defendants in the second session of the preliminary examination hearings yesterday afternoon who did not waive his preliminary examination hearing and his matter has been continued until tomorrow morning.

The defense made a motion to hold the preliminary examination hearings for the four defendants in a closed courtroom and the motion was granted. Judge Ward stated that the closed hearing would be proper as information relating to the case could possibly be leaked to the public and if the case goes to trial, the selecting of a jury pool would be difficult, if not impossible, as potential jurors could possibly be swayed after hearing and reading about the information.

Jake Malala is being represented by Assistant Public Defender Bentley Adams, Paulava Malala is being represented by David Vargas, Uatisone "Whiskey" Kelemete is being represented by Asaua Fuimaono and Sanele Mareko is being represented by DBAS legal counsel Fainu'ulelei L.F. Ala'ilima-Utu.

Jake Malala, Paulava Malala and Uatisone "Whiskey" Kelemete all waived their rights to a preliminary examination and they will be arraigned in the High Court tomorrow morning where they are expected to enter pleas of not guilty to the charges against them.

The eighth defendant and the only female who has been arrested and charged in this case, Diane Miller Mahjor (Richard's wife and co-defendant), was also present in the courtroom although a status hearing to appoint counsel for her is scheduled for tomorrow morning in the District Court of American Samoa.

Diane was represented by Assistant Public Defender Sharron Rancourt during her initial appearance in the District Court on Monday.

She is being charged with two counts of tampering with physical evidence.

All eight defendants were handcuffed during court proceedings and according to a law enforcement spokesperson, the handcuffs are necessary for "public safety."

All eight defendants are being incarcerated at the Territorial Correctional Facility (TCF) in Tafuna without bail, with the exception of Diane whose bail has been set at $35,000.

First degree murder is a class A felony that is punishable by death or imprisonment for a minimum of forty years without probation or parole.

Assault in the first degree and conspiracy to commit murder are both class B felonies and each count is punishable by five to fifteen years in jail.

Stealing and felonious restraint are both class C felonies that are each punishable by imprisonment of up to seven years and/or a fine of up to $5,000.

Tampering with physical evidence and property damage in the first degree are both class D felonies that each carry a punishment of five years imprisonment and a $5,000 fine.

This case is being prosecuted by the ASG Attorney General Fiti Sunia backed up by Assistant Attorneys General Marcellus Talaimalo Uiagalelei and Harvey Kincaid.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# AG and Congressmen have differing views on FBI jurisdiction

*by Sam P. Taliulu*

Samoa News Corespondent

Participants in the public march last week which demonstrated many citizens' concerns over drug abuse, escalating crime in the territory and culminated in the Senate chambers during the DPS hearings asking members of the Upper Chamber to do something to clear our island of drugs, also mentioned the need for FBI intervention.

And in turn, the Senators asked Attorney General Fiti Sunia about what role the Federal Bureau of Investigation can play in the territory, and the AG told the Senate, "The FBI are Federal policemen - they have their own assignments and we can not replace American Samoa police with the FBI, they have their jurisdictions and we have ours," said Sunia.

However, Congressman Faleomavaega Eni stated otherwise, "The FBI are federal law enforcers and can enforce the law anywhere - any place federal laws are violated, at any time," Faleomavaega explained to the Senators during the hearing last week.

"The FBI does not need permission or have to ask for permission to conduct an investigation anywhere in the United States or its territories - the federal law enforcers can make any place their jurisdiction whether the local law enforcement agencies like it or not," elaborated the Congressman.

During the senate public hearing that looked into the Department of Public Safety's capability to handle organized crimes in the territory, AG Sunia calmly and clearly explained to the Senators the reasons why the Government does not need the federal policemen here in the territory.

"Your concern regarding the capability of local policemen and whether or not they are qualified to handle hot issues like this - maybe that's what everybody thinks - but let me refresh your memories, in the last six weeks our local Criminal Intelligence and Investigation Bureau arrested kingpins of the alleged prostitution ring," explained the Attorney General.

"The local enforcement unit did it single handed, without assistant from the FBI. The reason why I am against (calling in) the FBI is the future of our law enforcement in regards to their ability to perform their duties, will always be under estimated."

Sunia assured the Senators and the public that the local enforcement unit is capable of handling any crime within the territory.

He went on the confirm the need for more training - "but that card is in the hands of the members of this chamber. You make the call to finance training for police officers to enhance and to improve our local enforcement unit to the full scale, then it will put your minds at ease," said the AG.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

# Mahjor's P   attorney granted pe  'ission to withdraw

*by B. Chen, Samoa News Staff Reporter*

Richard Mahjor, Talofa Seumanu and Jake Malala, three of the eight defendar being charged in connection with the disappearance of Wyatt Bowles Jr., are being represented by the Public Defender's (PD) Office.

During the initial stages of the case, the PD's office made motions for leave to withdraw on the grounds that all three attorneys in the PD's office, who are representing the defendants in this case, thought that the representations wou potentially raise a conflict of interest.

The first motion was presented orally before the court when attorneys, from th PD's office and those in private practice, were being appointed by the court to represent the defendants in this case.

The motion was subsequently filed and reviewed by District Court Judge John Ward before the scheduled preliminary examinations last week Thursday and motion was denied. Judge Ward however, stated that the motion could again I filed the next day.

A hearing on the motion took place in the High Court of American Samoa befc presiding Associate Justice Lyle L. Richmond and Associate Judges Mamea a Tupuivao this past Friday.

The court granted the motion with regards to Assistant PD Bentley Adams whe was initially appointed to represent Richard Mahjor.

As the court has been appointing attorneys for all eight defendants who have been charged in this case, the ruling last Friday resulted in the appointment of private attorney Arthur Ripley to replace Assistant PD Bentley Adams as coun for Richard Mahjor.

Assistant PD Bentley Adams argued that there is a clear conflict of interest if I is to remain counsel for Richard Mahjor because in a prior case, he had represented three of the defendants who are now being charged in the Bowle: case.

Adams was counsel for Jake Malala, Talofa Seumanu and Paulava Malala wh were all charged last year in connection with a fatal stabbing incident that claimed the life of 24-year-old Falani Va'a at the Curve nightclub in Faganean

Jake and Talofa pled guilty to misdemeanors and were placed on probation.

However, the case against Paulava is still pending, and Adams is his court-appointed attorney.

EXHIBIT  9

For the Bowles case, assistant PD Sharron Rancourt will continue to represent Jake Malala who is being charged with stealing and property damage in the first degree along with tampering with physical evidence.

ASG PD Aviata Fa'alevao will remain as counsel for Talofa Seumanu who is being charged with first degree murder, first degree assault, felonious restraint, tampering with physical evidence, and property damage in the first degree for his alleged involvement in the disappearance of Wyatt Bowles Jr. four weeks ago. Richard Mahjor faces the exact same charges.

In an initial interview with Assistant PD Sharron Rancourt, she stated that representing the three clients would be a conflict of interest mainly because there is a potential for their clients to have legal interests that are adverse to each other.

Because the PD's office is very small, it would be quite difficult, if not impossible, to keep the cases against their three clients separate from each other as their office shares the same resources, investigator and support staff.

Additionally, Rancourt told Samoa News that attorneys, once sworn in, are bound by ethical rules and they are to notify the court if there is a potential conflict of interest. If the conflict is strong enough, attorneys are to ask the court for leave to withdraw from representing one or all of the clients.

"It's not as if our office does not want to take on this case and represent our clients," Rancourt commented. "There are just legal ethical rules that we are bound by as attorneys when we are sworn in to the bar association."

Richard, Talofa and Jake are all being detained at the Territorial Correctional Facility (TCF) in Tafuna without bail.

Jake Malala is scheduled for a pretrial conference on May 19 while a pretrial conference for Talofa Seumanu and Richard Mahjor is set for September 15.

This case is being prosecuted by ASG Attorney General Fiti Sunia.

In the meantime, information supporting the charges against all defendants charged in this case are still sealed off to the public by order of the court.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# Atty Paul Miller to represent Diane Mahjor in Bowles case

*by B. Chen, Samoa News Staff Reporter*

Diane Miller Mahjor, the only female being charged in the Wyatt Bowles Jr. case, is the eighth and last of the defendants to be appointed an attorney for representation.

During her initial appearance in the District Court last week Monday, Diane was represented by Assistant Public Defender Sharron Rancourt. However, as the court has appointed counsel for all the defendants who are being charged in this case, it was necessary for Diane to be represented by another attorney as Assistant PD Sharron Rancourt had been appointed by the court to represent one of Diane's co-defendants, Jake Malala.

During her preliminary examination last Friday in the District Court, it was private attorney Paul Miller who represented Diane and he will be her counsel throughout this case.

Diane waived her right to a preliminary examination and charges against her have been bound over to the High Court. She will be arraigned this morning in the High Court where she is expected to enter a plea of not guilty to the charges against her.

Diane is being charged with two counts of tampering with physical evidence for her alleged involvement in the mysterious disappearance of Wyatt Bowles Jr. who has not been seen or heard from since February 24.

Bail for Diane has been set at $35,000 with conditions. Bail can be posted not only with cash but by using personal property such as automobiles and land as surety for the bail amount.

Upon posting bail, Diane is ordered to surrender her traveling documents to the government and she is restricted from making any direct or indirect contact with the victim's family or any of the government's witnesses in this case. She is to also refrain from possessing any deadly weapons including firearms.

Diane is currently being detained at the Territorial Correctional Facility (TCF) in Tafuna.

Tampering with physical evidence is a class D felony and each count is punishable by up to five years behind bars and a fine of up to $5,000.

This case is being prosecuted by ASG Attorney General Fiti Sunia.

EXHIBIT 10

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# Eni says federal court presence with limited powers possible

*by Fili Sagapolutele*

Samoa News Correspondent

Do you want a federal court established in American Samoa with limited jurisdiction?

It seems there are alot of local residents who want the federal government to intervene in territorial cases, such as the disappearance of 23-year old Wyatt Bowles Jr., and now they want some sort of federal system of law enforcement implemented in the territory.

Congressman Faleomavaega Eni, in his recent radio and television program, reiterated his contention that the main two concerns that local leaders cite, when it comes to a federal court being established in the territory, are the issues affecting matai titles and communal lands.

Faleomavaega offered, "I can put in a proposed bill to establish a federal district court here, but one that does not have jurisdiction to take up cases involving matai titles and communal land."

American Samoa is the only US jurisdiction without a federal court and having one in the territory with limited power will hear only cases pertaining to violation of federal laws in American Samoa, the congressman said.

According to the Congressman there are some cases now heard by the local court system that is subject to the federal court.

"I know that right now, our current judicial system... is strained with alot of cases," said Faleomavaega.

"For example," Faleomavaega continued, "maritime cases, which are under federal jurisdiction, are being handled by the High Court and I'm surprised that this is happening here."

EXHIBIT 11

Faleomavaega said that given the situation with the Daewoosa case along with the recent incident where individuals are now charged with the disappearance of Bowles Jr., "with serious implications of criminal violations of firearms and drugs it definitely has a bearing on jurisdiction of the federal government.".

Now the Congressman wants to hear from the general public on their view of a federal court with limited jurisdiction.

"I want to know what your feelings and opinions are," said Faleomavaega.

Faleomavaega said he is very concerned when local residents are charged with federal crimes but are taken to Honolulu where they are officially charged.

"This is similar to what occurred to Daewoosa Samoa owner Kil Soo Lee," he said. Local residents and former managers of the now closed garment factory, Virginia Soliai and Robert Atimalala, were charged along with Lee and tried in Honolulu. The two were acquitted of all charges.

The Congressman said trying local residents at a federal court in Hawaii, let alone any federal district outside of American Samoa, is not "trying a person by his or her peers" as dictated by the US constitution.

He said that residents of Hawaii do not know about the uniqueness and importance of the Samoan culture and are always assessing Samoans as trouble makers.

Faleomavaega said this is not an equal way of making an assessment, based on race and other points to reach a conclusion.

Although not mentioned by Faleomavaega, another major federal case was prosecuted outside of American Samoa against Bernard Gurr, former general manager of the now defunct American Samoa Government Employees Federal Credit Union. He was arrested upon his arrival in Honolulu, on a flight from Pago Pago, and later taken to the federal court in Washington D.C. where he was officially charged and found guilty by a federal jury.

On the question of the FBI presence in the territory, while any local investigation is underway, Congressman Faleomavaega said bluntly, "the FBI can come here anytime they want" noting that the investigative arm of the federal government does have jurisdiction over American Samoa just like other US states and territories.

"They don't have to seek permission" from local officials, but the FBI "can do so as a matter of courtesy to the local government, by calling on the governor, the attorney general and others, like they do in other states, just to let them know they are coming in for an investigation," according to the Congressman.

"But they don't necessarily have to reveal the purpose of their visit or investigation," said the Congressman.

"If there is a question of explosives or firearms, that is a federal violation," he added.

Faleomavaega requested FBI director Robert Mueller to conduct a federal probe into the disappearance of Bowles Jr. earlier this month after the Bowles' family had asked his office for assistance.

Although criticized by some local officials for seeking a federal probe, Faleomavaega has maintained that it was the proper thing to do.

There are some local residents who disagree with Faleomavaega's view on the FBI intervention and a limited local federal court, but none would go on record for this story. Two local leaders said on Friday that they will contact the Congressman directly to voice their opposition.

Congressman Faleomavaega's local district office is located on the first floor of the Executive Office Building in Utulei and the phone number is 633-1372 or mailing address P.O. Box-Drawer X, Pago Pago, American Samoa 96799. The Washington D.C. Office number is (202) 225-8577.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# Assistant AG withdraws from Wyatt Bowles, Jr. disappearance case

*by B. Chen*

Samoa News Staff Reporter

Assistant Attorney General Marcellus Talaimalo Uiagalelei, who was the initial prosecutor in the Wyatt Bowles disappearance case has withdrawn from the case, citing a conflict of interest. According to Uiagalelei, he and presiding Associate Justice Lyle L. Richmond are related.

Attorney General Fiti Sunia has agreed that this is a clear conflict of interest and he has removed Uiagalelei and will now be prosecuting the case himself.

Meanwhile, investigation into the mysterious disappearance of the 23 year-old Fogagogo resident continues with the number of arrests so far standing at eight (including one female).

The assistant AG is not the first attorney involved in the case to cite a conflict of interest. Several weeks ago, assistant Public Defender (PD) Bentley Adams was replaced as Richard Mahjor's counsel by private attorney Arthur Ripley after the Public Defender's Office filed a motion of leave to withdraw due to a conflict of interest.

Adams argued that because all three attorneys in the Public Defender's Office were each representing a different defendant in the Bowles case, it would be difficult to separate the cases as the PD's Office shares the same resources, support staff and investigator.

Part of the conflict also included the fact that Adams was the attorney in a separate case for three other defendants involved in the Bowles case (Paulava Malala, Jake Malala, and Talofa Seumanu). Adams had represented all three men in the Curve nightclub fatal stabbing that claimed the life of a young man last year.

Jake and Talofa plea bargained with the government and received probation as punishment, but the case against Paulava is still pending and Adams is his court-appointed attorney.

The court granted the motion and Adams was subsequently replaced.

Currently seven of the eight defendants have court appointed attorneys. Richard Mahjor is being represented by Arthur Ripley; Paulava Malala is being represented by David Vargas; Jake Malala is being represented by Assistant Public Defender Sharron Rancourt; Victor Sepulona is being represented by Salanoa Soli Aumoeualogo; Talofa Seumanu is being represented by ASG Public Defender Aviata Fa'alevao; Uatisone "Whiskey" Kelemete is being represented by Asaua Fuimaono; and Sanele Mareko is being represented by DBAS legal counsel Fainu'ulelei L.F. Ala'ilima-Utu.

The eighth defendant, Diana Mahjor is being represented by local attorney Paul Miller and it is not clear whether or not Miller is acting on order of the court or has been hired privately.

The eight defendants are being charged for their alleged involvement with the February 24 disappearance of Wyatt Bowles Jr. All are incarcerated at the Territorial Correctional Facility (TCF) in Tafuna with bail set at $35,000 for only Sanele Mareko and Diane Mahjor. The other six defendants are being held without bail.

A pretrial conference date for Jake Malala, Paulava Malala, Sanele Mareko, Diane Mahjor, and Uatisone "Whiskey" Kelemete has been set for May 19 while Richard Mahjor, Talofa Seumanu and Victor Sepulona have been scheduled for a pretrial conference on September 15.

Information supporting the charges against all defendants in this case has been sealed by order of the court.

In a related incident, investigators uncovered the remains of a corpse at the Fagasa mafa (steep hill) on Friday and Samoa News reported this past Monday that the skeleton was not believed to be the missing Bowles, but it is suspected to be the body of a person who died about a year and a half ago. Informed sources have told Samoa News that there is a connection between the body and some of the people who have been charged in the Bowles case. The unidentified body is now undergoing forensic examination.

Meanwhile, Wyatt Bowles Jr. has still not been seen or heard from in over a month. The family is presuming he is dead and held a memorial service celebrating his life on March 15.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

# Two defendants in Bowles case back in court this Friday

by B. Chen

Samoa News Staff Reporter

Paulava Malala and Sanele Mareko, two of the eight defendants who are being charged in connection with the disappearance of 23-year-old Wyatt Bowles Jr. last February 24 are scheduled to appear before the High Court of American Samoa this Friday.

They are each facing one count of tampering with physical evidence, a class D felony that is punishable by up to five years in jail and a $5,000 fine.

Mareko will appear on Friday for a hearing on a motion to seal the records pertaining to the case against him.

During the arraignment for three of the defendants, Attorney General Fiti Sunia, who is prosecuting the case, presented an oral motion to seal all records pertaining to the case and the motion was granted.

Sanele was arraigned a few days later and a ruling on the motion to seal the records for his case was not made as presiding Chief Justice Michael Kruse stated that the hearing on the motion would be continued until the return of Associate Justice Lyle L. Richmond who is presiding over this case.

Sanele's attorney, Fainu'ulelei L.F. Ala'ilima-Utu, stated that he supports the motion to seal the records for the case against Sanele "for his own personal safety and to protect him from prejudice."

Since charges were filed in the case of the missing Fogagogo resident, no information supporting the charges against any of the eight defendants in this case has been released to the public by order of the court.

Paulava Malala will appear on Friday for a hearing on a motion to set bail.

Although Paulava was initially charged with one count of tampering with physical evidence, with bail set at $25,000, the charges were amended and a new charge of conspiracy to commit murder was added. At that point the court had ordered Paulava to be detained without bail. The charge of conspiracy to commit murder has since been dismissed against Paulava and although a motion for bail was denied after the charge was dropped, his attorney has once again filed a motion to set bail for his client.

Shortly after the charges against them of conspiracy to commit murder were dropped, Jake Malala, Paulava Malala and Uatisone "Whiskey" Kelemete, appeared before Associate Justice Lyle L. Richmond for a hearing on the motion to set bail and the motion was denied. Associate Justice Richmond stated that the motion for bail was denied because Jake, Paulava and Uatisone are flight risks and they pose a threat to society.

EXHIBIT  12

Associate Justice Richmond also stated that setting bail for the defendants could possibly jeopardize their own personal safety.

All eight defendants in this case (Richard Mahjor, his wife Diane Mahjor, Paulava Malala, his brother Jake Malala, Uatisone "Whiskey" Kelemete, Talofa Seumanu, Sanele Mareko and Victor Sepulona) have been arraigned and all have entered pleas of not guilty to the charges against them.

All eight are incarcerated at the Territorial Correctional Facility (TCF) in Tafuna and the only two who are being held with set bail are Diane Mahjor and Sanele Mareko. Their bail has been set at $35,000 each with conditions.

Paulava Malala is being represented by private attorney David Vargas and Sanele Mareko is being represented by DBAS legal counsel and former Assistant Attorney General Fainu'ulelei L.F. Ala'ilima-Utu.

This case is being prosecuted by ASG Attorney General Fiti Sunia.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# DPS actions puzzle Wyatt Bowles, Sr.

*by Tau Toluono*

Samoa News Correspondent

Wyatt Bowles Sr. told Samoa News in an exclusive interview that he had been a bit surprised late last year when the push came by Atuu village to close down the bars. "You keep hearing about bad things, but no one ever came up with anything basically besides fights and unrest in the village regarding the drunk people in the village until the incident with the huge prostitution ring at the Old Red Door with the 'king pin' over there," he said referring to Wei Li Fang, alleged leader of the Atuu ring and a man who Bowles had sponsored.

Bowles met with Samoa News on March 27 to set the story straight on rumors that he was involved in Fang's operation.

When asked about the different businesses he had been involved with on the 'dark side,' Bowles named the Golden Dragon Restaurant which he said was

closed because the building was so run down, and he named Pacific Karaoke, indicating that he no longer was involved with either establishment.

"We ran that. And then my step-father's sister and husband wanted to operate a business in Atuu to cater to the Chinese. They wanted to open up the old Red Door as a bar on one end and rent rooms where fishermen could get off the boats, take a shower and be able to have a few beers and not walk down the road (because) In the past, people have gotten beaten up. I got the business licenses for them to do that, but I had nothing to do with the operations in any way," Bowles said.

In part one of the interview with Bowles, he told Samoa News how he came to sponsor Wei Li Fang. Bowles explained that his step-father, Dr. George Lee, is the brother of Wei's mother, and it was she and her husband who asked Bowles to sponsor Wei.

"Later when it stated to get like we heard there were adverse things going on in the area... you know, fights and what not, we suggested that they move. But they don't have very much money and they weren't able to just get up and leave the place," he said.

Bowles told Samoa News that the next thing he heard, there was a prostitution ring operating at the Fisherman's House that he knew absolutely nothing about and the police were knocking on his door asking him about it, "Police officers did come to my house and I told them, come on in and I'll tell you everything that I know because I have nothing to hide."

"I told them exactly what I knew and (said) if there was any information that they needed, that I would be more than willing to tell them about the place and I did. And they asked if I would write a statement and I did. I wrote a two page statement and they never even came back to pick up the statement. They told me later that if they needed it at all that they would come back later for it," Bowles said.

Samoa News told Bowles that there had been rumors about him renovating a two story building in Fagatogo, dividing it into small rooms.

"I've never once been inside that building or seen the inside of that building. I was only told by Wei Li and his wife that they were going to open up a motel in Fagatogo somewhere and I didn't even know where it was.

Bowles said that Wei Li and his wife said they were going to close the Fisherman's House operation and move to a building in Fagatoto. "We filled out an application for it, we went with my wife and my wife is definitely not going to get involved in anything that is not right. We went up for the hearing and went

into the hearing and they said that they were going to come and inspect the building."

"It was also going to have a small retail store in there - to sell a little bit of beer and saimin and food. I had never seen or heard anything about the building besides that it was going to be a motel and that they were going to be getting away from that place over there and that sounded good to me."

Bowles told Samoa News that there had been no plans to move the bar to the Fagatogo location, he said that the plans were to "close the bar and move the motel over here. To get away from that bad area over there." He said he had talked to Wei Li's mother and father many times about starting a Chinese fast food in Tafuna and completely getting away from the Satala, Atuu areas.

"As soon as we heard about this prostitution thing, we stopped the proceedings on the business license completely. I absolutely did not know about the prostitution ring over there. We were under the assumption that these people were starting to move out of there to get away from there. And like I said, the only reason that I did (apply for the businesses licenses) was that this was my step-father's family. And that was it," said Bowles.

"I've never done anything wrong here on island. Never got involved in anything crooked and my wife definitely hasn't and to see this come up during the time when this happened to my son, made us feel real bad," Bowles said.

Just before Bowles talked to Samoa News about his connection with the Fangs, he told Samoa News that he is very upset that police have not updated the family about the investigation into the disappearance of his son. He said the family has still been provided with no details on the status of the investigation and that he is afraid that 'high government officials" are going to sweep the whole matter under the rug.

Mrs. Meleke Bowles talked to Samoa News early last month about the grief she and her family were going through not knowing what had happened to their son, Wyatt Bowles, Jr. and their dismay that the police would not share any information with them.

Meleke's interview with Samoa News appeared in the paper just two days after the first four suspects charged in connection with the disappearance of Wyatt Jr. - Richard Mahjor, Jake Malala, Victor Sepulona, and Talofa Seumanu - made their initial appearances in District Court.

Two days later, Congressman Faleomavaega responding to a Samoa News inquiry, announced that he had requested a full FBI probe into the disappearance of Wyatt Bowles Jr, based on a request by the Bowles family.

one of the Fang brothers whether or not he know if there were any real prostitution businesses in the Atuu area.

"He told me that yes, he knew of four. And since I don't frequent any of those places myself, I asked who they were and he said that the Seoul Restaurant has 5-7 Chinese girls, the Orient Food Express has 8 Chinese girls, Pacific Karaoke has about 8 Chinese girls and 168 across from Marine Railway has approximately 5 Chinese girls.

"After that I talked to a friend of mine who lives in Pago and knows a lot of Yachties who said that they had confirmed the fact that these prostitutes charge $200 a piece and that a whole lot of people know about it.

The manager of Pacific Karaoke told Samoa News that none of the girls who work for him are Chinese. Mr. Park, who is originally from Korea and his wife Mrs. Faasaina Park of Manu'a seemed happy to tell their story to set the record straight. When asked how many employees they have he told Samoa News, "We have five girls and they work here as waitresses."

Mr. Park went on to say, "The five girls are all from neighboring Samoa, my wife or myself went to Samoa to bring these girls. We have an agreement with their families, and that agreement includes that the girls reside here under our watch, all live with us at the same house, same building."

In addition, "Me and my wife Saina have the girls give their families in Apia telephone calls twice a week. Sometimes their families call our house and ask for their daughters. Sometimes also parents of these girls call us directly and ask me and Saina to send money for them."

Mr. Park told Samoa News that when the bar closes at 2 a.m., after a brief meeting the girls go straight home. He did say after Samoa News asked him, that the girls have asked to go out at night and stay with friends, but he said he never allows that. "Because if they fumble, I am going to be in trouble. So I never allow the girls to sleep away from our house or from us. I wait to lock our residence in Leloaloa after I make sure all the girls are in their bedrooms," Park said.

The manager of the Koriana Restaurant and Night Club (also known as Seoul Restaurant) in Atuu denied allegations made in the interview saying, "The government agents have been checking on our bar, the Pago Pago pulenuu did the same thing. Even Tufele came in and visited our bar after hearing rumors of prostitution rings operating."

The manager told Samoa News, "We have four Samoan ladies and two half Korean Chinese Ladies working here as waitresses." He added that the Samoans and the two Korean-Chinese women all had their own sponsors, "As for prostitution, I deny those allegations."

Barely a week later, just before 8:30 in the morning, a small group of concerned citizens, spurred on by the Bowels case, marched on the Fono in an attempt to raise awareness over the rise in drug and violent crime cases in American Samoa.

The march coincided with a Senate committee hearing held the same morning on a resolution calling for an inquiry into what was characterized as "the recent sudden increase of criminal activities relating to illegal drug use in the territory; and the failure of DPS to effectively combat these crimes."

The group hoped that their presence at the Fono and stand against drugs, would help ensure that "something is done about" the drug problem in the territory.

In the meantime, three more arrests had been made in the case, Paulava Malala, Uatisone "Whiskey" Kelemete, and Sanele Mareko.

With the Bowles family no longer holding out hope for Wyatt Jr.'s safe return, they had a memorial service to celebrate his life on Saturday, March 15. The emotionally charged service was held at the ASCC auditorium which was jam-packed with close to 1,000 mourners.

At the conclusion of the service, most of the congregation made their way to the cliffs at Vaitogi to pay their last respects in the same spot where Wyatt, Jr's. car had been recovered and where many believe his body was dumped.

The following day the eighth suspect, Mrs. Diana Mahjor was arrested.

Around the end of March, the Bowles family and friends began circulation a petition asking for support in having the trials of defendants charged in the case moved to the federal District Court in Hawaii.

The effort to transfer the case to the federal courts in Hawaii, according to a spokesperson for the family was based on the fact that American Samoa is a closely knit community, "everyone being related to someone else" which makes it difficult to get a fair trial.

And in this particular case, the spokesperson noted that quite a few families are involved.

Several days ago, KHJ Radio News said the petition drive is continuing and will be used as supporting evidence for a motion to be filed at the federal court in Honolulu to have the case transferred there from American Samoa.

In the latest development in the Bowles case, an unidentified human skeleton was found on Friday, March 28 at the mafa in Fagasa. Samoa News confirmed at the time that the DPS officers involved did expect to find the remains of someone

that may have some connection to those that have been charged in the Bowles' disappearance.

The recovered human remains were taken to the LBJ Morgue to await a report by forensics.

To date, DPS has not disclosed whether or not the body has been identified and what connection it may have to the disappearance of Wyatt Bowles, Jr.

(Contributing to this story were B. Chen, Fili Sagapolutele, and Sam P. Taliulu.)

Dianne 4  May 29

\>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
\>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# Dianne and Richard Majhor charged in drug case

*by Tau Toluono & Lucy Moananu*

*Samoa News Correspondents*

Dianne Majhor, one of the eight defendants in the Wyatt Bowles disappearance case, was re-arrested yesterday and is expected to be back in (District) Court this morning in a separate case involving one count of possession of methamphetamine with intent to distribute.

The prosecution, headed by Attorney General Fiti Sunia is asking that she be held without bail in this case. Sunia is being assisted by Assistant Attorneys General Marc Roy and Harvey Kincaid.

Mrs. Majhor, was released from the Territorial Correctional Facility (TCF) on Tuesday after she posted a $35,000 bail in the Bowles case. Her departure from the TCF Tuesday, however, was short-lived when she was arrested again yesterday and returned to the TCF.

Her husband, Richard Majhor was listed as a defendant in the new case and is also being charged with one count of possession of methamphetamine with intent to distribute. He is still being held at the TCF for charges stemming from the disappearance and suspected murder of Wyatt Bowles, Jr. earlier this year. He is also expected to appear before the courts today.

The new case against Mr. and Mrs. Majhor, say sources, is considered separate from the Wyatt Bowles, Jr. case and as such the documents are not being sealed by the courts.

The court documents reveal that three of the eight defendants in the Wyatt Bowles, Jr. case have provided information regarding the alleged drug ring run by the Majhor's.

The information contained within the court documents outline the alleged drug distribution ring run by the Majhor's, including importation of "ice" into the Territory smuggled inside of a "spice bucket."

According to court documents obtained by Samoa News, the new charge originates from an incident on March 31, 2003 in which Department of Public

EXHIBIT  13

Safety officers were executing a second search warrant of the Majhor house in Iliili to search for drug evidence.

The first search warrant, states the court documents was "for forensic evidence involving the murder of Wyatt Bowles, Jr. was conducted and two drug pipes were recovered."

The officer states that he "observed the pipes and knew them to be tools used in smoking crystal methamphetamine." A second search warrant was executed by police officers in search of drug evidence.

After Dianne and Richard Majhor had both been arrested on March 1, 2003, their residence in Iliili became unoccupied and the Department of Public Safety (DPS) took control of the house.

The affidavit states that prior to the second search of the Majhor residence, the officer had received information from reliable sources that the Majhor's "had been involved in an organized drug distribution ring involving crystal methamphetamine, or "ice."

It continues on saying that, "during the investigation of the murder of Wyatt Bowles, Jr. several of the co-defendants gave information ... that the Majhor's had been transporting methamphetamine from the United States mainland and were distributing it locally to several dealers and users."

The affidavit also includes information provided by an informant, who is not a co-defendant in the on-going Wyatt Bowles, Jr. case that he was "given 'ice' by Dianne Majhor and observed her cutting it and packaging it in bags. The informant states that he "observed the shipment of ice that came from the US mainland stored in a spice bucket."

The informant adds that on several occasions he also distributed 'ice' for Richard and Dianne Majhor. During one of these occasions, he and Paulava Malala ( a co-defendant in the Wyatt Bowles, Jr. case) took a zip lock bag of methamphetamine to a buyer in Tafuna at the green two story mart near Cost U Less and received $800 in cash for the drugs. The informant then states that he gave the cash back to Richard Majhor.

The affidavit states that a second co-defendant in the Wyatt Bowles, Jr. case, Jake Malala also provided information regarding the purchase of large quantities of methamphetamine in or around Oakland, California and gave information on how the drugs were transported by container shipment back to the territory.

Jake Malala, says the affidavit also gave information on who the local drug dealers and users are in American Samoa.

Sanele Mareko, a third co-defendant in the Wyatt Bowles, Jr. case also provided information in the affidavit that he had observed Dianne Majhor, "package and distribute methamphetamine." Another informant who also is not charged in the Bowles case, gave information on the affidavit that," she observed Richard and Dianne Majhor with large amounts of cash. She observed stacks of $100 bills on the dresser in the bedroom of Richard and Dianne Majhor."

The affidavit continues with information that she had observed the safe in the Majhor's bedroom open one day and it contained a large amount of cash and a large zip lockbag with "smaller postage stamp size bags with crystal substances in them."

The informant adds that "she also saw a large zip lock bag of what looked like marijuana in the safe" and that she was told by Richard Majhor, that "she and Sanele would get to go with them back to California to take the cash to pay for the methamphetamine that they had bought and shipped to American Samoa."

The court documents state that during this second search of the Majhor's residence, officers found a "matchbox" in the Majhor's bedroom and that when they opened it, they observed a plastic zip lock bag containing what, "looked like crystal methamphetamine, also known as 'ice'. The weight of the substance was 1 gram."

The affidavit concludes with officer stating that he later tested this substance with a field test at his office known as the "methamphetamine REAGENT" and that the substance tested positive for methamphetamine.

He adds in his affidavit that," the reaction time was such that it indicated a high level of purity, which is usually mixed with cutting agents to distribute or sell."

Also found during the second search were a package of Zigzag cigarette rolling papers and a digital scale, which the officer says that in his experience in drug enforcement is a " tool of the trade used in the distribution of illegal drugs."

The crime of Possession of Methamphetamine with intent to distribute, is a felony, a violation of ASCA 13.1020 (a), punishable by imprisonment of up to twenty years and a fine of not more than $20,000, or both.

In the Wyatt Bowles, Jr. case Dianne Majhor is being represented by court appointed attorney Paul Miller. It is unknown if Miller will be representing Mrs. Majhor in the new case on the drug charges.

Dianne Majhor, one of eight co-defendant's in the Wyatt Bowles, Jr. case is still facing two counts of tampering with physical evidence and if convicted of the felonies - could face a maximum of five years in jail and a fine of not more than $5,000 for each count against her.

The eight defendants in the Wyatt Bowles, Jr. disappearance case consist of Paulava Malala, his brother Jake Malala, Sanele Mareko, Uatisone "Whiskey" Kelemete, Talofa Seumanu, Richard Majhor, Diane Majhor and Victor Sepulona.

Six of the eight defendants in that case are being held at the TCF without bail. The two exceptions were Dianne Majhor and Sanele Mareko who had bail set for him at $35,000 with certain conditions.

According to previous reports by Samoa News Jake, Paulava and Sanele are anticipated to enter into plea agreements with the government and a hearing for that has been scheduled for July 7.

Editor's note: Since all documents in the Wyatt Bowles case have been sealed by the court, the court document in this new case is the first official document seen by Samoa News which included the names of defendants Richard and Dianne Majhor. In all previous stories Samoa News has spelled their last name as Mahjor and Mrs. Majhor's first name was spelled as Diane. We expect to clarify this descrepacy today.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# Ruling expected today on pretrial motions in Bowles case

*by B. Chen*

*Samoa News Correspondent*

Diane Mahjor was served with an arrest warrant on drug charges after she appeared before the High Court for a hearing yesterday on several pretrial motions in the Wyatt Bowles case that were filed on her behalf by her court-appointed attorney Paul Miller. (See separate story.)

Yesterday's court proceedings focused on several undisclosed pretrial motions filed by attorney Miller. The court's ruling on those motions has been scheduled to be heard this morning in the High Court.

The pretrial motions that were filed yesterday morning came after the motion to dismiss charges against Diane was presented and denied by the court several weeks ago.

As with all other court proceedings involving any of the eight defendants who are being charged in connection with the disappearance and possible murder of Wyatt Bowles Jr., yesterday's hearing, in addition to all the information supporting the charges against the defendants in the Bowles case, was closed to the public by order of the court.

Approximately eight defendants are being charged in connection with the disappearance of the 23-year-old Fogagogo resident. They are: Paulava Malala, his brother Jake Malala, their brother-in-law Sanele Mareko, Uatisone "Whiskey" Kelemete, Talofa Seumanu, Richard Mahjor, Diane Mahjor and Victor Sepulona.

All eight defendants are incarcerated at the TCF without bail except for Sanele Mareko who has bail set for him at $35,000 with certain conditions.

Jake, Paulava and Sanele are anticipated to enter into plea agreements with the government and a hearing for that has been scheduled for July 7.

Regarding the remaining five defendants, it is unclear whether or not they will be entering into plea agreements with the government or if any or all of them will be scheduled for a jury trial.

This case is being prosecuted by ASG Attorney General Fiti Sunia with the assistance of Assistant Attorney Generals Marc Roy and Harvey Kincaid.


>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

may 28


>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# Diane Mahjor released after posting $35,000 bail

*by B. Chen*

*Samoa News Correspondent*

Diane Miller Mahjor, the only female and one of the eight defendants being charged in connection with the February disappearance and possible murder of 23-year-old Wyatt Bowles Jr. posted $35,000 bail and is no longer incarcerated, pending her next scheduled court appearance.

Diane's father was in court for the first time last week since charges were filed against his daughter.

Conditions of release are standard including a restriction from departing the territory. Diane is to surrender her travel documents to the government and she is forbidden from making any direct or indirect contact with the victim's family or any of the government's witnesses in this case. Additionally, Diane is prohibited from possessing any deadly weapons or firearms.

Diane is being charged with two separate counts of tampering with physical evidence, a class D felony that carries a maximum punishment of five years behind bars and a fine of not more than $5,000 for each count.

Paul Miller, on behalf of his client Diane Mahjor, filed a motion to dismiss the charges and the motion has been taken under advisement. A written order will be issued to both the government and the defense notifying them of the court's decision.

In the meantime, a date for the hearing and testimonies on the motion to dismiss has yet to be scheduled.

Diane's seven co-defendants (her husband Richard Mahjor, Uatisone "Whiskey" Kelemete, Paulava Malala, Jake Malala, Sanele Mareko, Talofa Seumanu and Victor Sepulona) are all incarcerated at the Territorial Correctional Facility (TCF) in Tafuna without bail except for Sanele Mareko whose bail has been set at $35,000 with standard conditions.

The Malala brothers Jake and Paulava, along with their brother-in-law Sanele Mareko appeared before the High Court of American Samoa last week for a pretrial conference where, on behalf of the government, prosecuting Assistant Attorney General Marc Roy stated that it is anticipated that Paulava, Jake and Sanele would be entering into plea agreements with the government in this case.

The 'anticipated' plea agreements are expected to be presented before the court on July 7. At which time the court will decide whether to accept the plea agreements or not.

Diane is being represented by court-appointed attorney Paul Miller and the case is being prosecuted by American Samoa Government (ASG) Attorney General (AG) Fiti Sunia with the assistance of Assistant Attorneys General Marc Roy and Harvey Kincaid.

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# June 2

## Bowles family "shocked" with Judge Ward's decision

*by B. Chen, Samoa News Correspondent*

Last Friday, in the High Court of American Samoa, Richard and Dianne Majhor, two of the eight defendants in the case of the missing and possibly murdered Wyatt Bowles, Jr., appeared before District Court Judge John L. Ward II for their initial appearance on new charges filed against them. (See separate story).

Dianne Majhor posted $35,000 bail last week and was released from the Territorial Correctional Facility (TCF) in Tafuna pending her next court appearance. She was served another arrest warrant at the High Court, a day before her initial appearance last Thursday, where she was present as her court-appointed attorney Paul Miller filed several pretrial motions on his client's behalf.

Several members of the Bowles family were present in court last Friday, including Wyatt Jr.'s parents Mr. Wyatt Bowles Sr. and Mrs. Meleke Bowles.

The government's pleas to deny bail for Dianne Majhor were not accepted by presiding District Court Judge John L. Ward II, who granted Mrs. Majhor bail in the amount of $60,000.

This decision "shocked" the Bowles family. "I cannot believe Judge Ward would grant this woman (Dianne) bail considering that she is involved and being charged in connection with a crime as severe as murder," said the outraged Wyatt Bowles, Sr.

In an interview with Samoa News after Friday's hearing, a visibly shaken Bowles Sr. stated that during the initial stages of the investigation into the disappearance of his 23-year-old son, he was displeased with ASG's Attorney General's Office (AG) and the fact that he and his family did not have any type of police protection.

However, Bowles Sr. pointed out that during Friday's hearing he heard ASG's pleas to deny bail for Dianne and it was indeed the first time since charges were filed in his son's case, that he "agreed with ASG AG Fiti Sunia 110%."

He added, "for the first time since the charges were filed in my son's disappearance, I strongly believe that Fiti Sunia and ASG Asst. AG Marc Roy are fighting to do the right thing."

EXHIBIT 14

He also mentioned that he is very comfortable with the fact that AG Fiti Sunia had informed him and his family that the Drug Enforcement Agency (DEA) will be getting involved because of the intensity of the investigation into possible organized murders and major drug distribution deals.

Bowles Sr. also added that initially, he believed that there was a "lack of proper investigating procedures on the part of the local government." He added that the police who were investigating his son's case were very inconsistent. "My family and I found Wyatt's Jeep a day after the police had advised us not to go looking at the Vaitogi cliffs as they had already thoroughly searched that area. It is sad to know that if we were allowed to check that same area a day earlier, the odds would have been in our favor as far as finding Wyatt's body."

However, he continued, "I'm happy that the investigation will be prolonged as this will possibly unravel more issues connected with and involved with drug possession and distribution."

He further stated that he is quite uncomfortable with the recent decisions made by Judge Ward involving the issues in his son's possible murder case. "I was shocked when three of the eight defendants who were each charged with one count of conspiracy to commit murder had the charge dismissed after Judge Ward decided that there was no 'probable cause' to charge the three defendants. I have a real problem accepting Judge Ward's decision in that matter."

(Paulava Malala, his brother Jake Malala and their brother-in-law Sanele Mareko were each charged with one count of conspiracy to commit murder but before the trio could be arraigned in the High Court, District Court Judge John Ward dismissed the charges citing that there was no "probable cause" to charge the three defendants.)

Bowles Sr. remarked that he and his wife had conducted their own investigation the day after Wyatt Jr.'s vehicle was discovered at the Vaitogi cliffs. According to Bowles Sr., he and family members spoke to several people who were eyewitnesses to the beating and murder of his son and they all stated that the murder of Wyatt Jr. was premeditated and the master plan was in the works several days before Wyatt Jr. was reported missing.

"My son was brutally murdered by people who had already sat and planned the whole thing. There are several eyewitnesses who would attest to that. If that doesn't fit the criteria of the charge of conspiracy to commit murder, then what does?" asked Bowles, Sr.

"As far as Dianne being granted bail, I definitely have a big problem with that. She was initially granted $35,000 bail which she posted and she is again being granted bail for $60,000. Of course, she would have absolutely no problem posting bail again seeing that she has an abundant flow of 'drug money.' I am

very uncomfortable with the thought of Dianne being released from the TCF. My family and I have no police protection. How are we supposed to feel safe?"

Bowles Sr. argues that bail should not be granted for any of the eight defendants being charged in the disappearance case of his son. "I strongly feel this way because of the circumstances involved and the severity of their actions. My son was brutally beaten and murdered because of drugs and these people should not be allowed to roam around in public as they pose a threat and could inflict serious harm to other members of the community."

Bowles Sr. added that his firearms (two shotguns) have been surrendered to police and as of now, he has no means of protecting his family, namely his remaining children. "I feel I should have possession of my firearms not only for protection but as a deterrent."

Additionally, "one of the witnesses that was present at the Majhor's residence on the night of Wyatt's murder told us that when the police arrived at the scene, they told the people there not to worry as they were only there to please the Bowles family" Bowles Sr. reminisced.

When asked about the possibility of the death penalty being imposed upon Talofa Seumanu, Richard Majhor and Victor Sepulona, the three defendants who are being charged with first degree murder, Bowles Sr. stated that he believes that the three men have "worked hard to earn the death penalty. Victor and Talofa are nothing but thugs and Richard and Dianne Majhor are the masterminds behind the whole thing. I believe that every one at the Majhor's home that night is just as guilty as the person who struck the final blow that took my son's life. Somebody could have stopped it but nobody chose to. Everyone is guilty, from the people who cleaned up the house, to the people who drove the car to the cliff, to the person who threw Wyatt into the ocean - they are all equally guilty!"

He continued, "it is hard for me to say who deserves what punishment because of the closed court proceedings but I do know for a fact that the eight people who are currently in custody are not the only ones involved in this case."

Bowles Sr. added that his whole family are victims in this "crime spree" and the sad thing is, "not one family involved with the defendants in this case have approached his family to offer so much as an apology." Clearly, it is in the Samoan tradition and culture to offer a "ifoga" (act of asking for forgiveness for any wrongdoing). However, according to Bowles Sr., this has not yet been offered to his family.

"It really doesn't matter to us because nothing anybody can say or do can bring back my son. However, what we can do is get justice for Wyatt Jr. and protect

the rest of the innocent children of American Samoa from suffering the same fate as my son."

Lastly, Bowles Sr. pointed out that he has asked on numerous occasions for this case to be sent to the federal courts in Hawaii because he feels that it is the only way to guarantee that local influence will not take precedence over the administration of justice. Also, it will provide for a more thorough and fair trial.

"The local judicial system and law enforcement have been stressed to their capabilities," Bowles Sr. added noting that it will cost ASG a lot of money to pay for off-island lab samples, as far as forensics are concerned, in addition to the investigating of off-island connections involved in this case.

In the meantime, Bowles Sr. stated that "if there continues to be leniency towards the defendants in this case, then I feel that there will be no justice for my son and my family.

I am very pleased with the AG's Office and their work so far because it seems as if they are finally working together to do what is right and just."


>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<

>>> TO RETURN TO A DIRECTORY, CLICK ONE OF THE CATEGORIES AT LEFT <<<
>>> IF THERE IS A PHOTO, CLICK IT FOR A BIGGER VERSION <<<

# AG Muagututi'a defends ASG care of Majhors

*by Tau Toluono*

*Samoa News Correspondent*

"Dianne Majhor and her husband Richard Majhor are detained under custody of the Territorial Correctional Facility not a Hilton Hotel or a vacation spot," said American Samoa Attorney General (AG) Muagututi'a Fiti Sunia responding to Samoa News inquiries concerning a letter to the Samoa News written by Dianne Miller Majhor's father, Ronald Miller. Dianne Majhor is currently being held in prison, without bail, as a suspected drug manufacturer and trafficker and her husband as a murder suspect.

Muagututi'a spoke with TCF warden Amituana'i Mika Kelemete via telephone while Samoa News was in his office and said, "According to the TCF warden, there is no mistreatment of Dianne Majhor at all. She is treated like any other prisoner held at TCF. She has been continuously served the same three meals a day, breakfast, lunch and dinner like we serve other prisoners."

"ASG correctional policy stands, like other prisoners, who ever feels sick is able to go the hospital to see a doctor. So I was told that the woman was sick and the TCF warden took her to the hospital to see the doctor. So I don't know what the suspect's illness is about. All I know is that she has been taken care of at ASG's expense. She wasn't treated at TCF or remained in prison while she was sick, she was taken to the hospital," said Muagututi'a.

"I want to touch base on rumors that she has been mistreated by ASG. These are the same rumors that circulated before about Dianne Majhor's husband Richard Majhor. But when I paid a visit to TCF, I witnessed Richard Majhor was in very good condition," he said.

Muagututi'a continued, "Allegations printed in the newspaper by Ronald Miller, father of the murder suspect Dianne Miller Majhor, are incorrect. He is not here to look at the situation but we local residents see the situation everyday and we are witnesses".

"Based on conditions and the High Court of American Samoa's order for detained murder suspects who remained at TCF for their day in court, it is clear that all eight suspects of the Wyatt Bowles disappearance case are not allowed to contact outsiders because of the nature of the charges against them."

"That is the order of the court, but it seems there is still contact between Dianne Mahjor and her father based on what Samoa News reported," said Muagututi'a.

The Attorney General pointed out that, "I don't want the public to think that Ronald Miller can use his accusations as a shield and weapon to hide from the fact that his daughter and his son-in-law, as well as six other defendants, have been charged with the disappearance and murder of Wyatt Bowles Jr."



EXHIBIT 15

He continued, "The fact here is, the reason why Dianne Miller Majhor and Richard Majhor are detained at TCF is because of the charges against them for their alleged involvement with the death of Wyatt Bowles Jr. who has remaine

samoa
observer

Advertise Here

### FBI helps with composite of man 'killed' on Mount Alava

Pago Pago - Investigators hope a composite drawing of a facial reconstruction of a man on Mount Alava will help inquiries into suspected drug-related murders.

A special agent of the local Department of Public Safety Criminal and Intelligence Burea said: "We hope that the Drug Enforcement Agency TaskForce and Honolulu FBI Office w The FBI can become involved because the man is believed to have been murdered last property. This allows federal jurisdiction.

The victim was said to be in possession of illegal drugs at the time of his murder. This p assistance from the federal Drug Enforcement Administration.

Yesterday the American Federal Bureau of Investigation (FBI) office in Honolulu said th; leads on the unidentified man.

Advertisement

#### BOWLES CASE

The man's remains were discovered by local authorities during their investigation of the Wyatt Bowles Jr. Mr Bowles left his house and his parents on February 27th last year at He never returned home.

The vehicle he was driving was found wrecked and in pieces.

His body was never found and the matter is still under investigation.

Police arrested a man known as "Paul Majhor" or "Richard Majhor" and his wife Diane M involved in the disappearnce of Mr Bowles.

Joining the two at the Tafuna Correctional Facility are four local young men who were a night Mr Bowles disappeared.

Local investigators discovered, through interrogation of witnesses in the Bowles case, o male only known as "Mike".

Witnesses in the Bowles case were taken to Mount Alava and the skeleton was recovere When funding was approved last November, local law officers began negotiations with t forensic lab and their forensic science experts to look at the evidence.

#### WASHINGTON

Two officers from American Samoa traveled to Washington DC with evidence and the re After completing their tests, the FBI set up a teleconference to speak directly with the l police custody.

During the teleconference, the witness described the victim while the FBI experts made The Attorney-General's Office issued a press release.

It said that a facial reconstruction of the skeleton had been completed by the chief fore Ubelaker, of the Smithsonian Institute in Washington, D.C., in conjunction with the FBI Assistant Attorney-General Diane B. Roy said the FBI has been given the opportunity to and it is anticipated that those involved will be charged.

#### PASSPORT

An alleged co-conspirator and accessory in the murder was reportedly in American Sam identity papers when the murder occurred and then left the territory. The victim is pres The victim, known only as Mike, was in American Samoa for approximately two weeks l Local authorities ask that anyone recognizing the victim's picture should contact Sergea Department of Public Safety, immediately. His phone number is (684) 633-1111.

A gag order by the court in the Bowles case has restricted media reporting on this in Ar

EXHIBIT  16

## FBI helps with composite of man 'killed' on Mount Alava

Pago Pago – Investigators hope a composite drawing of a facial reconstruction of a man whose remains were found on Mount Alava will help inquiries into suspected drug-related murders.

A special agent of the local Department of Public Safety Criminal and Intelligence Bureau, Sergeant John Cendrowski, said: "We hope that the Drug Enforcement Agency TaskForce and Honolulu FBI Office will come up with a lead."

The FBI can become involved because the man is believed to have been murdered last year on National Park property. This allows federal jurisdiction.

The victim was said to be in possession of illegal drugs at the time of his murder. This prompted the request for assistance from the federal Drug Enforcement Administration.

Yesterday the American Federal Bureau of Investigation (FBI) office in Honolulu said that they don't yet have any leads on the unidentified man.

### BOWLES CASE

The man's remains were discovered by local authorities during their investigation of the mysterious disappearance of Wyatt Bowles Jr. Mr Bowles left his house and his parents on February 27th last year at around 9pm.

He never returned home.

The vehicle he was driving was found wrecked and in pieces.

His body was never found and the matter is still under investigation.

Police arrested a man known as "Paul Majhor" or "Richard Majhor" and his wife Diane Majhor, who they alleged were involved in the disappearnce of

Mr Bowles.

Joining the two at the Tafuna Correctional Facility are four local young men who were allegedly with the couple the night Mr Bowles disappeared.

Local investigators discovered, through interrogation of witnesses in the Bowles case, of the killing of a Caucasian male only known as "Mike".

Witnesses in the Bowles case were taken to Mount Alava and the skeleton was recovered.

When funding was approved last November, local law officers began negotiations with the FBI for use of their forensic lab and their forensic science experts to look at the evidence.

### WASHINGTON

Two officers from American Samoa traveled to Washington DC with evidence and the remains from Mount Alava.

After completing their tests, the FBI set up a teleconference to speak directly with the local witness, currently in police custody.

During the teleconference, the witness described the victim while the FBI experts made a drawing. The Attorney-General's Office issued a press release.

It said that a facial reconstruction of the skeleton had been completed by the chief forensic anthropologist, Dr. Ralph Ubelaker, of the Smithsonian Institute in Washington, D.C., in conjunction with the FBI criminal forensic lab. Assistant Attorney-General Diane B. Roy said the FBI has been given the opportunity to look into adopting the case and it is anticipated that those involved will be charged.

### PASSPORT

An alleged co-conspirator and accessory in the

murder was reportedly in American Samoa on a false passport and identity papers when the murder occurred and then left the territory. The victim is presumed to be a US citizen.

The victim, known only as Mike, was in American Samoa for approximately two weeks before he was murdered.

Local authorities ask that anyone recognizing the victim's picture should contact Sergeant John Cendrowski, of the Department of Public Safety, immediately. His phone number is (684) 633-1111. A gag order by the court in the Bowles case has restricted media reporting on this in American Samoa.

IN THE HIGH COURT OF AMERICAN SAMOA

TRIAL DIVISION

| | | |
|---|---|---|
| AMERICAN SAMOA GOVERNMENT, | ) | HCCR NO 010-03 |
| | ) | |
| Plaintiff, | ) | |
| | ) | AFFIDAVIT |
| vs. | ) | |
| | ) | |
| RICHARD MAJHOR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

AFFIDAVIT OF BENTLEY C. ADAMS, III

STATE OF GEORGIA

WHITFIELD COUNTY

Before me, the undersigned officer duly authorized to administer oaths, personally appeared BENTLEY C. ADAMS, III, who, being first duly sworn, did depose and state upon oath as follows:

(1)    I am an attorney licensed to practice law in the State of Georgia and the District of Columbia. I am an inactive member of the Hawaii State Bar Association and the American Samoa Bar Association.

(2)    I received my law degree from Mercer University and have been a licensed lawyer since February of 1979.

(3)    I am presently serving as the Public Defender for the Conasauga Judicial Circuit which is composed of Whitfield and Murray Counties, Georgia.

(4)    From January, 2000, until December, 2003, I served as an Assistant Public Defender for the American Samoa Government. In that capacity I was lead counsel in numerous felony cases which resulted in jury trials in the High Court.

(5)    During my time in American Samoa I observed very few, if any, persons who did not have some Samoan ethnic heritage called for jury duty. This is despite the fact that a substantial portion of the territory's population has no Samoan ethnic heritage. There are many "palagis" from the mainland who are United States

citizens and legally reside in the territory. Some, like I did, work for the territorial government on two year contracts. Others work in education or the private sector. Many have lived in American Samoa long enough to be qualified to vote in American Samoa. However, because these persons are not registered voters in American Samoa they are not considered for jury duty.

(6)    Based on these observations I do not believe juries in criminal cases in American Samoa represent a fair cross-section of the resident population qualified to serve as jurors.

(7)    Perhaps more importantly, I observed that due to the relatively small community and close family bonds that exist among the local residents of American Samoa it is virtually impossible to insulate jurors in criminal cases from publicity and other influences based upon matters that occur outside the courtroom. The Richard Majhor murder case, which involved a victim whose mother is Samoan, has received intense media attention and been the topic of much discussion in the Territory. Unfortunatley, almost all of the publicity I have seen has painted Richard Majhor as guilty of the crimes for which he is charged.

(8)    Based upon the foregoing and because of my familiarity with the extensive publicity surrounding the charges against Richard Majhor it is my personal and professional opinion that Mr. Majhor cannot receive a trial in American Samoa before a fair and unbiased jury.

FURTHER DEPONENT SAYETH NOT.


BENTLEY C. ADAMS, III


Subscribed and sworn to before me
This 14 day of January 2005


Notary Public, State of Georgia
Name: Jennifer A. Dean
My Commission Expires: 8-31-05

IN THE HIGH COURT OF AMERICAN SAMOA
TRIAL DIVISION

| | | |
|---|---|---|
| AMERICAN SAMOA GOVERNMENT, | ) | HCCR NO. 010-03 |
| | ) | |
| Plaintiff, | ) | |
| | ) | AFFIDAVIT OF LOIA MANUELE |
| vs. | ) | FIAUI |
| | ) | |
| RICHARD MAJHOR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

AFFIDAVIT OF LOIA MANUELE FIAUI

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

LOIA MANUELE FIAUI, being first duly sworn on oath, deposes and says:

(1)   I was born and raised in Samoa and hold a Tulafale Matai title Maumalo from the village of Fasito'outa since 1968.

(2)   I have lived and worked in American Samoa.

(3)   I reside in Honolulu, Hawaii, where I am employed by the State Department of Health as an ethnocultural coordinator/public health educator.

(4)   I received my undergraduate degree in history from the Hawaii campus of Brigham Young University in 1974.

(5)   In 1977 I received a masters degree in teaching with emphasis on anthropology and Asian studies from the University of Oregon.

(6)   After nearly completing a doctorate degree program at the University of California at Los Angeles and

submitting my thesis which is still under review, in 2000 I also completed a doctorate degree program in social/cultural anthropology at Honolulu University for which my dissertation is entitled "The Study of Samoa by a Samoan on the Importance of Cultural Preservation and Social Organization in Samoan Society."

(7)    Based upon my ethnic and cultural background and my academic credentials I believe that I am qualified to state opinions about decision-making processes and how public opinion is created in Samoan villages/communities and families.

(8)    From my studies of Samoan culture and society I have observed and written about the existence of long-standing hierarchical relationships and decision-making institutions which have a significant and somewhat unique impact upon the thought processes, perceptions, and decisions of villages, families, and individuals that is different from, and may actually clash with values and processes that are accepted in western societies and form the bases for certain institutions including jury trials.

(9)    I am not personally familiar with any of the facts or circumstances pertaining to the case involving Richard Majhor, nor do I express any opinions about the proceedings in American Samoa involving Mr. Majhor.

LOIA MANUELE FIAUI

-2-

Subscribed and sworn to before me
this  14th  day of January, 2005.

_(Juli T. Seitz)_

Notary Public, State of Hawaii

My commission expires: Jan. 4, 2008

JULI T. SEITZ
NOTARY
PUBLIC
STATE OF HAWAII

IN THE HIGH COURT OF AMERICAN SAMOA
TRIAL DIVISION

| | | |
|---|---|---|
| AMERICAN SAMOA GOVERNMENT, | ) | HCCR NO. 010-03 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD MAJHOR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

<u>MEMORANDUM OF LAW</u>

<u>Introduction</u>

It is undisputed that American Samoa is an unin-corporated territory of the United States and that citizens of the United States who reside in American Samoa must be afforded the same constitutional rights that would be extended to them in other state and federal jurisdictions. See, e.g., <u>King v. Morton</u>, 520 F.2d 1140, 1142 (D.C. Cir. 1975); <u>King v. Andrus</u>, 452 F. Supp. 11 (D.D.C. 1977); <u>United States v. Kil Soo Lee</u>, Crim No. 01-00132 (D.Hi. 8-30-01) (Order Denying Defendant's Motion to Dismiss) (attached hereto as Exhibit 1). According-ly, as this Court already has held, Defendant Richard Majhor is entitled to receive a trial before "a panel of impartial, 'indifferent' jurors." <u>ASG v. Wei Li Fang</u>, Cr. No. 05-03, slip op. at 2 (Trial Div. June 10, 2003) (cited in the Court's Order Denying Motion for Change of Venue and a Survey Expert filed May 28, 2004).

Unfortunately, since his arrest herein in March, 2003, Mr. Majhor has not yet been afforded the fair and impartial jury trial to which he has been entitled -- although we submit that he already has been punished -- and there is little or no chance that any such trial can or will be forthcoming within a reasonable period of time. That is because the publicity attendant to these proceedings already has polarized and effectively poisoned the small community from which jurors are to be selected and because there are long-standing and unavoidable cultural barriers to providing a minimally fair and impartial jury trial for him in American Samoa.

For those reasons, and based upon the attached affi-davits and exhibits and the evidence to be adduced at a hearing upon this motion, Defendant Majhor respectfully moves the Court to change the venue of his trial to a location outside of American Samoa and/or to abate the proceedings until the American Samoa Government can establish, by clear and convincing evidence, its ability to afford the Defendant the fair and impartial trial to which he is entitled.

Pretrial Publicity

> The guarantees of jury trial in the Federal and State Constitutions reflect a profound judgment about the way in which law should be administered. A right to jury trial is granted to criminal defendants in order to prevent oppression by the Government.

Duncan v. Louisiana, 391 U.S. 145, 155-156, 88 S.Ct. 144, 20

L.Ed.2d 491 (1968).

Since Irvin v. Dowd, 366 U.S. 717, 722 81 S.Ct. 1639, 6 L.Ed.2d 251 (1961), it is clear that all defendants in serious criminal cases have a due process right to be tried by a panel of impartial jurors. See also Duncan v. Louisiana, supra. Indeed, "[d]ue process requires that the accused receive a trial by an impartial jury free from outside influence." Sheppard v. Maxwell, 384 U.S. 333, 362, 16 L.Ed.2nd 600, 86 S.Ct. 1507 (1966).

Where there is a legitimate concern that pretrial publicity may have impacted adversely upon the impartiality of prospective jurors, courts clearly have the duty to make sufficient inquiries and take all of the necessary steps to minimize the effects of such publicity to insure that a particular defendant receives a fair trial. Estes v. Texas, 381 U.S. 532, 14 L.Ed.2nd 543, 85 S.Ct. 1628 (1965); Sheppard v. Maxwell, supra. Such steps could include the issuance of appropriate protective orders, extended and individual voir dire, changing the venue, and/or delaying the proceedings until the possible impact of publicity will have been dissipated. Id.

Courts cannot and should not delay taking necessary and appropriate steps to insure the impartiality of criminal proceedings and need not await a showing of "essential unfairness" when the community has been exposed to highly adverse and prejudicial information that is likely to pollute the jury pool. Rideau v. Louisiana, 373 U.S. 723, 726, 10 L.Ed.2d 663,

83 S.Ct. 1417 (1963).

In the instant case the Court can take judicial notice that virtually every prospective juror in American Samoa has been exposed to some publicity concerning allegations that Richard Majhor has been identified by a group of Samoans as the ring leader of a drug gang that murdered a young Samoan man in a dispute over a drug debt. Similarly, the Court can presume, for the purposes of this motion, that prospective members of the jury pool have heard about Mr. Majhor's alleged importation of drugs to American Samoa and his possible involvement in another, unrelated (and as yet uncharged) murder of a local male. Those facts, alone, raise a significant spectre that no jurors can be impanelled in this case without some degree of exposure to rumors and information that cannot and should not be permitted to affect their deliberations in a minimally fair and impartial trial. Compare Sheppard v. Maxwell, supra.

In Lincoln v. Sunn, 807 F.2d 805 (9th Cir. 1987), a murder conviction from the Island of Maui was overturned, in part, because of the jurors' exposure to pretrial publicity in an island community roughly the same size as American Samoa. Although the trial judge had allowed unlimited individual voir dire in an effort to mitigate any influences of the extensive publicity, the Court of Appeals intimated that was insufficient and suggested that the trial court had erred by denying the defendant's motion for a change of venue. Lincoln's convictions eventually were vacated on remand, and the murder case

was retried on the Island of Oahu. On that occasion Mr. Lincoln was acquitted by jurors who had not been exposed to the same publicity, but not until he already had been incarcerated for twelve years on charges for which he ultimately was found not guilty.

In the instant case, in light of the extensive and highly prejudicial publicity to date, it is submitted that Richard Majhor should not have to wait for a trial to determine whether a fair and impartial jury can be selected. Through an appropriate evidentiary hearing it is submitted that the Court, at this juncture, is obligated to consider and weigh the extent to which pretrial publicity may already have affected the potential jury pool, whether that publicity contained information that may be prejudicial to the Defendant's right to receive a fair trial, and whether there is any likelihood that the potential prejudice can be cured through measures that are within this Court's power to adjudicate.

Clearly, there is ample reason for concern at this juncture based solely upon the extensiveness and the contents of the exhibits attached hereto, and it is submitted that under the applicable case law the Court should act now without subjecting Mr. Majhor to the prospects of further incarceration and punishment before his guilt or innocence can be adjudicated fairly.

Cultural Influences

In King v. Andrus, 452 F. Supp. 11, 13 (D.D.C. 1977)

-5-

the United States Secretary of the Interior argued that "'Fa'a Samoa' (the Samoan way of life) encompasses a complex system of personal interrelationships manifestly adverse to a jury system." And in a collection of essays about leadership roles in the Pacific Islands the editors candidly concluded that "traditional leadership and the democratic process are two completely different and opposite things." White and Lindstrom, Chiefs Today: Traditional Pacific Leadership and the Post-colonial State (Stanford Univ. Press 1997), at p. 4.

The scholarly literature about Samoan society contains detailed references to the unique roles of leadership bodies comprised of chiefs, orators, and other village officials who continue to render decisions, create public opinion, and mete out punishments in matters that presumably would be handled by the courts in western democratic societies. For example, in White and Lindstrom there is a description of a murder case in which the killing of a chief apparently was mandated by the fono matai after which the perpetrators were merely fined and received short terms of incarceration despite their admitted premeditation and the gravity of the crime. Id., at pp. 45-48. Professor Bradd Shore analyzes a similar case that occurred in 1973 in his exemplary text, "Sala'ilua: A Samoan Mystery" (Columbia Univ. Press 1982), and this Court is well aware of a recent criminal trial in which a murder defendant was acquitted although his criminal conduct and intent

were virtually undisputed. <u>ASG v. Marlo Uli</u>, HCCR No. 71-02.

Based upon the foregoing it is unclear whether any jurors in American Samoa could enter the courtroom and steadfastly hear and determine the guilt or innocence of Richard Majhor based solely upon the evidence presented in the trial of this case without being affected (1) by the publicity to which they have been exposed, (2) by the opinions expressed by chiefs and other influential local officials, and (3) by the enthnicity of the alleged victim, the Defendant, and the key prosecution witnesses. As the scholars have observed, "traditional leadership" and the existing "complex system of personal interrelationships" in American Samoa are "manifestly adverse" to the provision of a fair and impartial trial to Richard Majhor.

<u>Trial by Six Jurors</u>

Because criminal juries in American Samoa are comprised of only six members, rather than twelve, it is submitted that the influence of a single juror, or a handful of jurors, is likely to be greater and therefore more prejudicial if any of the jurors are partial or biased in any manner. Accordingly, Mr. Majhor strenuosly objects to any trial in which a full jury of twelve members is not afforded to him and therefore requests that he be tried at a location, in a jurisdiction, where a twelve person jury will be impanelled.

In <u>Williams v. Florida</u>, 399 U.S. 78, 26 L.Ed.2d 446, 90 S.Ct. 1893 (1970), the Supreme Court affirmed the obligation

to provide a jury of twelve members to defendants in all
federal criminal trials; however, the Court declined to extend
the same requirement to the States. In so doing the Court ob-
served that

> [o]ur holding does no more than leave these
> considerations to Congress and the States,
> unrestrained by an interpretation of the
> Sixth Amendment that would forever dictate
> the precise number that can constitute a
> jury.

Williams v. Florida, supra, at 103.

We are unable to locate any authority -- one way or
the other -- indicating that Congress, in conformity with
Williams v. Florida, ever has approved of or explicitly
authorized the limited provision of a six person jury to crim-
inal defendants in the federal unincorporated territory of
American Samoa. In the absence of such explicit authority, it
is submitted that Defendant Majhor cannot constitutionally be
tried by a jury consisting of only six members. King v.
Andrus, 452 F. Supp. 11 (D.D.C. 1977).

Pretrial Punishment.

Even before Bell v. Wolfish, 441 U.S. 520, 60
L.Ed.2d 447, 99 S.Ct. 1861 (1979), it was well-established that
pretrial detainees and sentenced inmates cannot be treated
alike because while the latter are being punished, the former
are still entitled to the presumption of innocence and cannot
be punished at all. Accordingly, courts have not been reluctant
to intervene and review the conditions of confinement for pre-

trial detainees upon the receipt of complaints amounting to punishment. See, e.g., Jones v. Brown, 300 F. Supp.2d 674 (N.D.Ind. 2003); United States v. Catalan-Roman, 329 F. Supp. 2d 240 (D.Puerto Rico 2004).

      In the instant case Richard Majhor has been confined for nearly two years without the provision of any programs or activities without regular visitation and telephone contacts with his wife and other relatives. For a period of several months he was placed in administrative segregation pending a purported disciplinary proceeding that never occurred. In short, he was denied all of the protections to which he was entitled pursuant to Wolff v. McDonnell, 418 U.S. 539, 41 L.Ed.2d 935, 94 S.Ct. 2963 (1974). Because he may continue to be a pretrial detainee for an extended period of time -- until he can be afforded a fair and impartial trial -- the conditions of Mr. Majhor's confinement are intolerable and ought to be addressed by the Court unless reasonable bail is to be allowed.

Conclusion

      It is the agents of the American Samoa Government -- the police, the prosecutors, and the prison officials -- who have created the current dilemma by contributing to the media frenzy that began with Mr. Majhor's arrest and was fueled by such announcements as the Government's intention to seek the death penalty because of the special circumstances in this case. Thereafter, while the trial of this case had to be delayed due to the Court's understandable difficulty of finding

independent counsel for multiple defendants and to allow the prejudicial impact of the publicity to subside, Mr. Majhor has been punished over an extended period of time by prison officials who, likewise, work for and are accoutable to the American Samoa Government.

Accordingly, the prosecution should not now object to a motion which seeks simply to level the playing field and ensure that the Defendant receives a fair trial in this case and that he is not punished until his guilt has been fairly and impartially determined beyond a reasonable doubt. Indeed, the American Samoa Government should already be taking sufficient steps -- without any Court order -- to protect this Defendant's constitutional rights even if that requires that a trial be conducted at a location outside of American Samoa.

DATED: Honolulu, Hawaii, January 20 , 2005.


ERIC A. SEITZ
ANDREW T. STAVE

Attorneys for Defendant
Richard Majhor

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date by placing the same in the United States mail, first class postage prepaid, addressed to the following:

> FITI SUNIA, ESQUIRE
> Attorney General
> American Samoa Government
> Post Office Box 7
> Pago Pago, American Samoa  96799
>
> Attorneys for American Samoa Government

DATED:  Honolulu, Hawaii, January ____, 2005.

ERIC A. SEITZ