ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ
820 Mililani Street
Suite 714
Honolulu, Hawaii 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608
E-mail: eseitzatty@yahoo.com

ANDREW T. STAVE
Assistant Public Defender
P.O. Box 4030
Utulei, American Samoa 96799
Telephone: (684) 633-1286
Facsimile: (684) 633-4745

Attorneys for Defendant
Richard Majhor

IN THE HIGH COURT OF AMERICAN SAMOA
TRIAL DIVISION

| | |
|---|---|
| AMERICAN SAMOA GOVERNMENT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RICHARD MAJHOR,<br><br>　　　　　Defendant. | HCCR NO. 010-03<br><br>DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR CHANGE OF VENUE FILED APRIL 25, 2005 AND FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL; AFFIDAVIT OF ERIC A. SEITZ; MEMORANDUM OF LAW; CERTIFICATE OF SERVICE<br><br>HEARING: _____<br>　　　　　_____<br><br>(Trial: July 5, 2005) |

EXHIBIT 9

<u>DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR CHANGE OF VENUE FILED APRIL 25, 2005 AND FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL</u>

Defendant Richard Majhor, by and through his undersigned attorneys, hereby moves for reconsideration of his motion for an Order changing the venue for the trial of this case which the Court denied in an Order filed on April 25, 2005. This motion is brought pursuant to Section 43.0802, American Samoa Code, <u>inter alia</u>, and is based upon the attached affidavit and memorandum of law and the records and files herein.

In the event that the Court denies the Defendant's motion for reconsideration Defendant seeks leave to file an interlocutory appeal so that the issues pertaining to venue may be determined prior to trial.

DATED: Honolulu, Hawaii, May 2, 2005.

_____
ERIC A. SEITZ
ANDREW T. STAVE

Attorneys for Defendant
Richard Majhor

IN THE HIGH COURT OF AMERICAN SAMOA
TRIAL DIVISION

| | |
|---|---|
| AMERICAN SAMOA GOVERNMENT, ) | HCCR NO. 010-03 |
| ) | |
| Plaintiff, ) | |
| ) | AFFIDAVIT OF ERIC A. |
| vs. ) | SEITZ |
| ) | |
| RICHARD MAJHOR, ) | |
| ) | |
| Defendant. ) | |

AFFIDAVIT OF ERIC A. SEITZ

STATE OF HAWAII     )
                    ) SS.
CITY AND COUNTY OF HONOLULU  )

ERIC A. SEITZ, being first duly sworn on oath, deposes and says:

(1) I am an attorney licensed to practice in the States of California and Hawaii and the District of Columbia.

(2) I am the principal retained counsel for Defendand Richard Majhor in the above referenced matter and have been admitted for the purposes of this case pro hac vice.

(3) I am informed and believe that the issues raised in the Defendant's motion for a change of venue are so essential to the provision of a fair trial that it is critical to appeal and fully litigate those issues prior to the trial of this matter rather than risking an almost certain criminal conviction which will then take several years to appeal while the Defendant remains incarcerated.

(4) I am informed and believe that determination of

the venue issues at this juncture will enable this case to be brought to a more appropriate and just conclusion.

(5) Mr. Majhor has been advised of the likelihood of further delays in his trial and has consented to such delays for the purposes of enabling us to pursue interlocutory appeals in his behalf, and he is prepared to waive his rights to a speedy trial for such additional periods of time as may be required to complete those appeals.

_____
ERIC A. SEITZ

Subscribed and sworn to before me this 28th day of April, 2005.

_____
Notary Public, State of Hawaii
My commission expires: Jan 4, 2008

IN THE HIGH COURT OF AMERICAN SAMOA
TRIAL DIVISION

| | | |
|---|---|---|
| AMERICAN SAMOA GOVERNMENT, | ) | HCCR NO. 010-03 |
| Plaintiff, | ) | MEMORANDUM OF LAW |
| vs. | ) | |
| RICHARD MAJHOR, | ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW

Change of Venue

  American Samoa is an unincorporated territory of the United States in which fewer than sixteen thousand registered voters were eligible to serve on juries as of the last official figures published in the American Samoa Statistical Yearbook 2001 (American Samoa Department of Commerce, Oct. 23, 2003). The record herein demonstrates, and the Court has confirmed, that those sixteen thousand potential jurors already have been saturated with adverse publicity about this case including unsubstantiated allegations of other, uncharged crimes allegedly committed by Mr. Majhor. In accordance with other authorities to which we have cited, and which are enumerated in the record, the Court acknowledges that among those sixteen thousand potential jurors there are likely to be many who have participated in village and other discussions about this case and have come to conclusions not only about the guilt of Mr.

Majhor but also about the appropriate means for exacting proper retribution for the crime of which Mr. Major already stands convicted by public opinion. See, e.g., King v. Morton, 520 F.2d 1140, 1142 (D.C. Cir. 1975); King v. Andrus, 452 F. Supp. 11 (D.D.C. 1977); United States v. Kil Sol Lee, Crim No. 01-00132 (D.Hi. 8-30-01) (Order Denying Defendant's Motion to Dismiss).

Unlike Lincoln v. Sunn, 807 F.2d 805 (9th Cir. 1987), which was cited in the Defendant's motion for change of venue, virtually all of the cases cited and relied upon by the Court in its recent order arose in larger communities where the impact of pretrial publicity is presumptively less pronounced and the passage of time may, indeed, dissipate the adverse effects especially with a more diverse and transient population. Those factors were not present in Lincoln, supra, and they are even less conducive to the likelihood of providing a fair trial for Mr. Majhor in American Samoa, as Judge Mollway similarly concluded in her Order in United States v. Kil Sol Lee, supra.

Finally, although the Court is correct that six member jury trials may be authorized and are constitutional under certain circumstances, there is no clear indication that such authority explicitly has been provided so that Mr. Majhor may be held to have forfeited his federally guaranteed right to

a trial by twelve of his peers.

Interlocutory Appeal

In <u>Kim v. American Samoa Government</u>, 17 A.S.R. 193 (1990), the Court authorized an interlocutory appeal in a criminal case thereby deviating from the normal rule that such appeals are not favored until the entire case is ripe for review. In <u>Kim</u>, <u>supra</u>, the trial court had denied a court appointed interpreter to a criminal defendant who was not indigent. Comparing the situation to other cases involving the assertion of fundamental rights such as the right to an appointed counsel and claims of double jeopardy, the Court permitted Mr. Kim to appeal immediately to avoid the "Kafka-like experience" of going through a trial that would be fundamentally unfair and might be rendered unnecessary if, indeed, the appointment of an interpreter were required.

Similarly, in this case, if the Defendant is correct that he cannot receive a fair and impartial trial in American Samoa, conducting a trial at this juncture would be equally "Kafka-like" and could necessitate a retrial only after it has taken Mr. Majhor many years to vindicate his rights. Compare <u>Lincoln v. Sunn</u>, <u>supra</u>. Accordingly, if the Court does not reconsider its prior ruling in which Defendant's motion for a change of venue was denied, it is requested that the Defendant be allowed to pursue an immediate appeal and that the trial be

-4-

stayed pending the outcome of the Defendant's appeal.

DATED: Honolulu, Hawaii, May 2, 2005.

_____
ERIC A. SEITZ
ANDREW T. STAVE

Attorneys for Defendant
Richard Majhor

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date by placing the same in the United States mail, first class postage prepaid, addressed to the following:

JULIE SIONE, ESQUIRE
Assistant Attorney General
American Samoa Government
Post Office Box 7
Pago Pago, American Samoa  96799

Attorney for American Samoa Government

DATED:  Honolulu, Hawaii, May ____, 2005.

_____
ERIC A. SEITZ