```
 1                IN THE HIGH COURT OF AMERICAN SAMOA

 2                         TRIAL DIVISION

 3

 4   AMERICAN SAMOA GOVERNMENT,   )
                                  )
 5              Plaintiff,        )
                                  )
 6        -vs-                    )   CR 10-03
                                  )
 7   RICHARD MAJHOR,              )
                                  )
 8              Defendant.        )
                                  )
 9   _____    )

10   Before the Honorable Associate Justice LYLE L. RICHMOND, presiding;
     and Associate Judges SAGAPOLOUTELE MALAEOLA A.A. and
11   TAPOPO T.M. VAIFANUA.
```

HIGH COURT OF AMERICAN SAMOA
Clerk's Office
FILED TIME: 0810

ROBERT L. GORNIAK 6/22/2005
CLERK OF COURTS

REPORTER'S TRANSCRIPT OF PROCEEDINGS

held on

Thursday, May 19, 2005

(telephonic conference)

Juliana Ah Ching-Iosefo, CSR

ASG -vs- RICHARD MAJHOR,
CR #10-03, held on May 19, 2005

EXHIBIT 10

```
 1  APPEARANCES:

 2

 3  For Plaintiff:              OFFICE OF THE ATTORNEY GENERAL
                                BY:  MS. JULIE SIONE
 4                                   Assistant Attorney General
                                     Pago Pago, AS 96799
 5                                   (684) 633-4163

 6

 7                                        -AND-

 8                              OFFICE OF THE ATTORNEY GENERAL
                                BY:  MR. DON PITZER
 9                              Assistant Attorney General
                                Pago Pago, AS 96799
10                              (684) 633-4163

11

12

13  For Defendant:              OFFICE OF THE PUBLIC DEFENDER
                                BY:  MR. ANDREW STAVE
14                                   Assistant Public Defender
                                     Pago Pago, AS 96799
15                                   (684) 633-1286

16

17                              MR. ERIC SEITZ
                                Attorney at Law

18

19

20

21

22

23

24

25
    ASG -vs- RICHARD MAJHOR,
    CR #10-03, held on May 19, 2005
                                          -2-
```

```
 1    FAGATOGO, AMERICAN SAMOA; THURSDAY, MAY 19, 2005; A.M. SESSION
 2                                -oOo-
 3
 4    THE COURT: All right.
 5           This is CR 10-03.
 6           Counsel, come forward.
 7           Are you on the line, Mr. Seitz?
 8    MR. SEITZ: Yes, I am.
 9           Thank you, Judge.
10    THE COURT: All right.
11           Would you make your appearance, please?
12    MR. SEITZ: Certainly.
13           This is Eric Seitz.  I represent Mr. Majhor.
14           Mr. Majhor I believe is present along with
15 Andrew Stave?
16    MR. STAVE: Yes.
17    THE COURT: We'll have Mr. Stave confirm that.
18    MR. STAVE: Yes, Your Honor.
19    THE COURT: You are Mr. Stave?
20    MR. STAVE: I am Mr. Stave.
21    THE COURT: And the defendant is here; right?
22    MR. STAVE: Yes.
23    THE COURT: All right.
24           Government?
25
```

1    MS. SIONE: Julie Sione on behalf of the government.

2    MR. PITZER: Also Don Pitzer for the government.

3    THE COURT: All right.

4    Mr. Seitz, this is your motion to reconsider the last
5 order of the court on venue.

6    Go ahead.

7    MR. SEITZ: Thank you, Judge.

8    My primary concern with the court's opinion was that we
9 have argued not only there was substantial publicity that could
10 have affected the pool from which potential of trial jurors will be
11 chosen, but we have argued that there was particularly inflammatory
12 publicity, and that's now part of the record, and that inflammatory
13 publicity has to do with the fact that Mr. Majhor allegedly is
14 under investigation for another murder concerning a body that was
15 on the mountain that apparently had not been identified, but I
16 understand subsequently now has been. There were articles and
17 publicity identifying him as part of the or the leader of the drug
18 gang. There was information identifying him as the drug king of
19 the Pacific and also information indicating that he has brought
20 guns and drugs in containers, all of which is information that's
21 been typed out to the media and has been attestable to by people
22 who are in the jury pool.

23    We have never argued that jurors in American Samoa are
24 not capable of serving as fair jurors. We have argued however that

25

ASG -vs- RICHARD MAJHOR,
CR #10-03, held on May 19, 2005

- 4 -

1  there are peculiarities in this case based on the one hand on the
2  fact that the victim is Samoan and all of the co-actors there
3  alleged to have participated in this case will be testifying
4  against my client are Samoan.  That the publicity has been not only
5  extensive but inflammatory and under those circumstances the
6  peculiarities of the influences on the framing of opinions by
7  people who may be called to jury duty would be so extensive that I
8  think you can presume and should presume that those jurors would
9  have a difficult time approaching this case in a very impartial
10 manner.  And that's really what we're arguing here and we have
11 argued which I don't think that the opinion addresses.
12         There are peculiarities about this case and
13 particularities in light of the publicity and the co-actors in this
14 case which taken altogether we believe would make it virtually
15 impossible for Mr. Majhor to receive a fair trial.  I know that
16 we've argued that before and again those are the reasons why we
17 pursue this avenue.
18         I also say I understand the court's reasoning with
19 respect to the six member jury.  I think, however, what we've
20 argued is not that it's not permissible to have a six member jury,
21 but that the predicates for doing that in American Samoa have not
22 occurred, namely, that the congress or in a responsible federal
23 official has to delegate that authority so that it's clear
24 exclusively that the right to a twelve member jury in a criminal
25

1  case has been weighed. And those are basically the substantive
2  argument that we would like to pursue with respect to consideration
3  on this point on a motion for re-hearing.
4       If the court is unwilling to reconsider its prior order,
5  then as we also argued, we would like to take interlocutory appeal
6  in this matter and have the case stayed because we think going
7  forward under this circumstance would resolve a travesty for
8  Mr. Majhor and in order to preserve his rights to a fair trial we
9  would prefer to have that trial sometime in the future after we can
10 fully litigate and resolve these matters.
11    THE COURT: All right.
12       The government wishes to respond?
13    MS. SIONE: Well, Your Honor, I have a couple of points.
14       First of all, on the motion for reconsideration, I would
15 object to the extent that counsel attempts to bring up any kind of
16 new information or evidence that he should have brought at the
17 prior hearing, and I noticed for example on his memorandum of law,
18 it contains some statements that are - they're not - it's not a
19 legal analysis. He's not quoting case law. It's his opinion. And
20 it contains some conclusory statements that just were not - I was
21 present at the hearing -.
22    THE COURT: Wait, wait, wait.
23    MS. SIONE: She's from my office, sir, one of our para-legals.
24    THE COURT: All right.
25

ASG -vs- RICHARD MAJHOR,
CR #10-03, held on May 19, 2005

- 6 -

1    MS. SIONE: And in any rate, I would ask that the portions of
2 the memorandum of law that - that are trying to bring up new points
3 that were not brought up at the prior hearing -
4    THE COURT: Who's the gentleman in the back?
5    THE OFFICER: He's my inmate.
6    THE CLERK: I'm so sorry. He's supposed to be out.
7    THE COURT: This is a closed hearing. He's supposed to be out.
8        Mr. Seitz, I assume you can hear what Ms. Sione has been
9 saying?
10    MR. SEITZ: Yes, I can hear. It's a little bit difficult, but
11 I can hear you -
12    THE COURT: Okay.
13        If you can speak up louder.
14    MS. SIONE: I'm sorry.
15        So in any event, I would object to that point.
16        As far as his motion to file interlocutory appeal because
17 of the - based on the change of venue issue, I would not oppose
18 that. I do believe the defendant does have a right to pursue that
19 appeal. But as far as the motion for reconsider, we agree with the
20 court's decision obviously, and so we would ask that the court
21 remain with the decision.
22    THE COURT: All right.
23        Mr. Seitz, do you want to make your final argument?
24    MR. SEITZ: The only thing I would - I'm not sure what
25

1  Ms. Sione is referring to that I argued in the motion for
2  reconsideration that wasn't in the prior motion but with that
3  comment, I have nothing further to add.
4      THE COURT: All right.
5          Well, at the present time, this trial is scheduled for –
6  to begin on July 5th, which is not very far away. Regardless what
7  happens, I think counsel on both sides need to be prepared for
8  that – proceed on that date. So although we will put in writing to
9  re-affirm what I am about to say, this order, verbal order, is
10 going to be the order that triggers the time period for filing an
11 appeal.
12         Understand what I'm saying, Mr. Seitz?
13     MR. SEITZ: Yes, I do.
14     THE COURT: All right.
15         Having said that, the court's order will be that the
16 motion for reconsideration is denied. I think we have adequately
17 covered all the issues that have been addressed in our original
18 decision on the order, on the motion.
19         As far as the interlocutory appeal is concerned, I don't
20 think there's any basis for appealing this particular decision.
21 This is not a final decision that we're dealing with. We will deny
22 that. And we also deny a stay of the trial at this point in
23 time.
24         As I said, I will re-affirm this in writing, but you have
25

ASG -vs- RICHARD MAJHOR,
CR #10-03, held on May 19, 2005

- 8 -

- 9 -

1  ten days from today to file your appeal and see what the appellate
2  court has to say about it.
3            Anything further?
4       MR. SEITZ: No, we have nothing further.
5            Thank you.
6       THE COURT: All right.
7       MS. SIONE: Thank you, sir.
8            **(Adjourned.)**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

ASG -vs- RICHARD MAJHOR,
CR #10-03, held on May 19, 2005

IN THE HIGH COURT OF AMERICAN SAMOA

TRIAL DIVISION

| | |
|---|---|
| AMERICAN SAMOA GOVERNMENT, | |
| Plaintiff, | |
| -vs- | CR No.: 10-03 |
| RICHARD MAJHOR, | |
| Defendant. | *Reporter's Certificate* |

COUNTY OF MAOPUTASI )
TERRITORY OF AMERICAN SAMOA )

I, Juliana Ah Ching-Iosefo, CSR, and an Official Court Reporter for the High Court of American Samoa, do hereby state that the following pages, 3 through 9, comprise a full, true and correct transcript of the proceedings held in the above-captioned matter on May 19, 2005.

Dated this 22nd day of June, 2005.

_____, CSR
Juliana Ah Ching-Iosefo

ASG -vs- RICHARD MAJHOR,
CR #10-03, held on May 19, 2005

- 10 -