HIGH COURT OF AMERICAN SAMOA
Clerk's Office
FILED TIME: 8:00 Am.
6/14/05
ROBERT L. GOPNIAK
CLERK OF COURTS

IN THE HIGH COURT OF AMERICAN SAMOA

TRIAL DIVISION

| | | |
|---|---|---|
| AMERICAN SAMOA GOVERNMENT, | ) | CR No. 10-03 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER CONFIRMING BENCH |
| | ) | DENIAL OF MOTIONS FOR |
| RICHARD P. MAJHOR, | ) | RECONSIDERATION AND LEAVE |
| | ) | FOR INTERLOCUTORY APPEAL |
| Defendant. | ) | |
| | ) | |

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Julie Sione, Assistant Attorney General
For Defendant, Eric A. Seitz, *Pro Hac Vice*, and Andrew T. Stave, Assistant Public Defender

On May 2, 2005, Defendant Richard P. Majhor moved for reconsideration of this Court's order of April 25, 2005, denying his motion for change of venue. Should that motion be denied, Defendant further moved for leave to file an interlocutory appeal on the issue and to stay proceedings in the trial court pending the appeal. We heard and orally denied the motions on May 19, 2005, and now confirm the bench denial order.

### DISCUSSION

Defendant's motion for reconsideration of the change of venue denial order can be quickly dispatched. Defendant advances substantially the same arguments in the current motion as he did in his two previous motions for change of venue.

And, in response to those two previous motions, we thoroughly examined those same arguments and determined that a change of venue was not warranted. Because Defendant has not presented any genuinely new arguments or facts in the current motion, it is properly denied.

Regarding Defendant's motion for leave to pursue an interlocutory appeal and staying further trial court proceedings pending the appeal, we hold that our order of April 25, 2005, denying his motion to change venue was not a final order[1] and is not appealable until after a final judgment has been entered in this case. *See United States v. Martin*, 620 F.2d 237, 238-39 (10th Cir. 1980) (finding that pre-trial venue ruling was unfit for immediate appealability because it was not sufficiently final); *United States v. Novellas*, 1997 WL 138692 (2nd Cir. 1997) ("A pre-trial order denying transfer of venue is a non-final, interlocutory order that does not meet the requirements for immediate appeal . . . ."); *United States v. Garber*, 413 F.2d 284, 285 (2nd Cir. 1989) ("An order denying motions for severance and change of venue is . . . not appealable before trial."); *United States v. Brown*, 301 F.2d 664, 664 (4th Cir. 1962) (finding that the circuit court did not have jurisdiction

---

[1] Under A.S.C.A. § 3.0208, the Appellate Division of the High Court, only has jurisdiction to review "final decisions" of the trial courts. Federal circuit courts, under 28 U.S.C. § 1291, are bound by a similar restriction, and relevant federal cases cite that statute in concluding that an order denying a change of venue is not appealable.

CR No. 10-03  ORDER CONFIRMING BENCH
              DENIAL OF MOTIONS FOR                2
              RECONSIDERATION AND LEAVE
              INTERLOCUTORY APPEAL

to hear an appeal of a district court order transferring the case, until a final judgment had been entered in that case). Because an order denying a change of venue is not a final decision, Defendant's motion for leave to file an interlocutory appeal and staying trial court proceedings pending the appeal is also properly denied.

ORDER

We reconfirm our bench order of May 19, 2005:

1. Defendant's motion for reconsideration of the order denying his motion to change the venue of this prosecution is denied;

2. Defendant's motion for leave to file an interlocutory appeal and to stay trial court proceedings pending the appeal is also denied.

3. It is so ordered.

Dated: June 14, 2005

LYLE L. RICHMOND
Associate Justice

SAGAPOLUTELE MALAEOLA A.A.
Associate Judge

TAPOPO T.M. VAIFANUA
Associate Judge

*Certified to be a true copy of the original on file in the Office of the Clerk of the High Court*
*Clerk of the High Court 6/14/05*