UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, | ) |
|         Plaintiff, | ) |
|         v. | ) Civil Action No. 05-2192 (RBW) |
| | ) Next event: **Motions hearing January 13, 1006** |
| GALE A. NORTON, SECRETARY U.S. DEPT. OF INTERIOR, | ) |
|         Defendant. | ) |

**REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS**

Plaintiff, a citizen of the United States and a resident of American Samoa, is awaiting trial having been charged with murder. Trial is set for February 7, 2006, in American Samoa. Plaintiff brought the instant civil action and request for extraordinary relief following several failed attempts to obtain a change of venue from the High Court of American Samoa. Plaintiff filed a complaint and a motion for preliminary injunction alleging that his constitutional rights to an unbiased jury of twelve has been jeopardized by the American Samoa's court's denial of his request for a change of venue. Plaintiff seeks a declaratory judgment, writ of mandamus, and preliminary and permanent injunctions enjoining the Secretary of the Department of Interior from continuing to incarcerate plaintiff and from subjecting him to trial in American Samoa.

Defendant opposed plaintiff's motion for a preliminary injunction and moved to dismiss the case. Plaintiff opposed the motion to dismiss and replied to defendant's opposition to the motion for a preliminary injunction. Defendant files this reply in response to plaintiff's opposition to the motion to dismiss.

Defendant noted in its motion that plaintiff has been charged under local American Samoa criminal statutes–not federal law–and that he is subject to prosecution by the Attorney General of American Samoa–not the United States Attorney. Mot. at 3. The denial of a change of venue by the appellate division of the American Samoa High Court is not a final decision because, if convicted, plaintiff can appeal his conviction on the basis that he did not receive a fair trial due to juror bias. Mot. at 4-5. Thus, the issue before this Court is not ripe. *See Meaamaile v. American Samoa*, 550 F.Supp. 1227, 1234 (D. Hawai'i 1982). Plaintiff is not entitled to a writ of mandamus because the Secretary of the Interior has no duty to interfere with ongoing criminal proceedings to mandate a change of venue. Furthermore, there is no evidence that plaintiff's constitutional rights have been violated; the trial judge imposed a gag order upon the parties and has excluded the public from in-court proceedings. In addition, more than two years have elapsed since the imposition of the gag order. Thus, the law in American Samoa provides for constitutional protections designed to insure that criminal defendants receive fair trials.

Plaintiff cites *King v. Morton*, 520 F.2d 1140 (D.C. Cir. 1975), for the proposition that this Court has jurisdiction. However, as defendant has already noted, although the D.C. Circuit Court did find that the district court was competent to judge the Interior Secretary's administration of the government of American Samoa by constitutional standards and direct the Secretary to take steps to correct constitutional deficiencies, it expressly declined to decide in *King* whether an exercise of jurisdiction by the District Court was proper. In addition, *King* is also distinguishable by virtue of the fact that plaintiff had already been convicted and had appealed his conviction to the highest court in American Samoa prior to filing suit in the United States District Court. Response at 6.

The parties disagree whether plaintiff is required to exhaust his remedies in American Samoa before proceeding in federal court. Plaintiff contends that he is not required to exhaust his remedies in American Samoa before bringing suit in United States District Court. However, the D.C. Circuit Court opined in *King*:

> The availability of remedies in the Samoan courts may give rise to a requirement that such remedies be exhausted before proceeding in the district courts, but that availability cannot act as a complete bar to district court proceedings. Exhaustion is not at issue here, since King has already appealed his conviction to the highest court in American Samoa. What is at issue is whether King can ever bring this action in the district court when alternative remedies were available to him in the Samoan courts. We hold he can, provided there is some statutory basis for jurisdiction. This does not mean that the door of the district court is open wide to claims properly within the peculiar province of the Samoan courts, but only that it cannot be shut to Samoan plaintiffs properly challenging the lawfulness of the actions of an official of the United States government.

*King*, at 1144.

Here, defendant does not argue that the remedies available to plaintiff in American Samoa are a complete bar to District Court proceedings. Defendant argues that, consistent with *King*, plaintiff's first recourse should be to the High Court of American Samoa until there is a final decision. This is not a glorification of form over substance, nor can plaintiff argue that exhaustion is futile for it is certainly possible that plaintiff will not be convicted, or if convicted, that he will successfully appeal his conviction in the High Court of American Samoa. Until there is a final judgment in the High Court of American Samoa, there is no case or controversy for this Article III Court to decide.

Plaintiff argues that the High Court of American Samoa is not competent to decide constitutional questions but notably he fails to identify a single error of law contained within the decisions of the High Court of American Samoa which he has attached as exhibits. See

Plaintiff's opposition, Part IV.  To support his argument, Plaintiff lists seven facts which he contends are undisputed and lead inexorably to the conclusion that the High Court of American Samoa is incompetent to decide constitutional questions.[1]  Defendant submits that these "facts" are either untrue or are merely immaterial generalities.  The veracity of these facts or statements is belied by the record which plaintiff attached to support his motion for preliminary injunction.  For instance, when deciding that "an inquiry into actual jury bias is premature when jury voir dire has not yet been conducted", the trial division of the High Court of American Samoa acknowledged that "[d]ue process entitles a defendant to 'a panel of impartial, 'indifferent' jurors. [citations omitted.]"  Plaintiff's Exhibit 7.  *Also see* Plaintiff's exhibit 8, p. 2.  Similarly, the appellate division of the High Court of Samoa acknowledged Majhor's 6th Amendment right to an impartial jury, but found that juror bias is an appealable issue, and concluded that there was no final decision from which Majhor could appeal.  Plaintiff's Exhibit 12, pp. 2, 4, 7.  These examples prove that the High Court recognizes the constitutional due process rights of criminal defendants.

Moreover, the High Court of American Samoa is fluently conversant with and applies the law of the United States, including cases of the U.S. Supreme Court throughout its opinions.  Plaintiff's exhibits 7, 8, 11, 12.  The trial division of the High Court of American Samoa analyzed press accounts submitted by plaintiff and found, contrary to his allegation, that they lacked sensationalism.  Plaintiff's Exhibits 1 & 2 attached to his opposition.  Therefore, it concluded that Majhor failed to meet his burden to show that the selection of an impartial jury in American Samoa is an impossibility.  Plaintiff's Exhibit 8, p. 3.  A review of the press accounts

---

[1] It is unclear from where these "facts" originate.

supports the conclusion of the trial court. Plaintiff's Exhibits 1 & 2 to opposition. The press accounts do not presume guilt, they are not sensational, nor are they inflammatory. *Id*. In short, there is no reason to believe that the District Court would conduct a different analysis or reach a different conclusion with regard to plaintiff's motion to change venue than did the trial court of the High Court of American Samoa.

## Conclusion

This action should be dismissed for lack of jurisdiction or for failure to state a claim for the reason that plaintiff can prove no set of facts in support of his claim which would entitled him to relief. *Conley v. Gibson*, 355 U.S. 41 (1957).

Respectfully submitted,

---

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

---

R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

---

CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332